RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 06a0446p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

No. 05-3228

CLIFTON L. COUSINS,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Ohio at Akron.
No. 04-00169—David D. Dowd, Jr., District Judge.

Argued: April 19, 2006

Decided and Filed: November 30, 2006

Before: MOORE and GIBBONS, Circuit Judges; SHADUR, District Judge.[*]

_____

## COUNSEL

**ARGUED:** Dennis G. Terez, ASSISTANT PUBLIC DEFENDER, Cleveland, Ohio, for Appellant. Robert J. Becker, ASSISTANT UNITED STATES ATTORNEY, Akron, Ohio, for Appellee. **ON BRIEF:** Dennis G. Terez, ASSISTANT PUBLIC DEFENDER, Cleveland, Ohio, for Appellant. Robert J. Becker, ASSISTANT UNITED STATES ATTORNEY, Akron, Ohio, for Appellee.

_____

## OPINION

_____

MOORE, J., delivered the opinion of the court, in which SHADUR, D. J., joined. GIBBONS, J. (pp. 9-10), delivered a separate opinion concurring in part and dissenting in part.

KAREN NELSON MOORE, Circuit Judge. Defendant-Appellant Clifton Cousins appeals his sentence for the crimes of threatening to harm the President of the United States and his family, arguing that the district judge violated the constitutional standard set forth in *United States v. Booker*, 543 U.S. 220 (2005), by incorrectly calculating the applicable Sentencing Guidelines range and by imposing an unreasonable sentence; and contending that the district court committed plain error by failing to give advance notice, as required by Federal Rule of Criminal Procedure 32(h), of

---

[*] The Honorable Milton Irving Shadur, United States District Judge for the Northern District of Illinois, sitting by designation.

1

its intention to impose an upward variance.  For the reasons set forth below, we **VACATE** Cousins's sentence and **REMAND** this case to the district court for resentencing consistent with this opinion.

## I.  BACKGROUND

On November 17, 2004, Cousins pleaded guilty to three counts of threatening the President of the United States, in violation of 18 U.S.C. § 871(a), and the President's family, in violation of 18 U.S.C. § 879(a)(2).  The base offense level for each of these crimes is 12.  U.S. SENTENCING GUIDELINES MANUAL ("U.S.S.G.") § 2A6.1(a)(1).  In the pre-sentence investigation report ("PSR"), the probation officer suggested a three-level enhancement, under § 3A1.2 of the Guidelines, because of the official status of the victims.  *Id.* § 3A1.2(a)(1)(C); Joint Appendix ("J.A.") at 96 (PSR at 6).  The probation officer also suggested a two-level enhancement based upon the multiple counts to which Cousins pleaded guilty.[1]  J.A. at 96 (PSR at 6); U.S.S.G. § 3D1.4.  These calculations resulted in a total suggested adjusted offense level of 17.  J.A. at 96 (PSR at 6).  Finally, the PSR recommended that that level be reduced by three for Cousins's acceptance of responsibility, yielding a final total offense level of 14.  J.A. at 97 (PSR at 7).

Cousins objected to the calculations in the PSR, arguing that the recommended two-level enhancement for multiple counts was impermissible and, therefore, that the correct adjusted offense level was 12, the level upon which the parties had agreed in plea negotiations.  J.A. at 22 (Cousins Br. in Resp. to District Ct. Order of January 13, 2005 at 5); J.A. at 115 (Cousins Objections to PSR at 1).  Cousins and the probation officer agreed that Cousins's criminal history score placed him in criminal history category VI.  J.A. at 103 (PSR at 13); Cousins Br. at 7.

At sentencing, the district judge calculated an adjusted total offense level of 14[2] and a criminal history category of VI, which yielded a Guidelines range of 37 to 46 months' imprisonment.  J.A. at 90 (District Ct.'s Statement of Reasons).  The judge then imposed a sentence of 48 months, an upward variance of two months from the top of the Guidelines range.  *Id.*

Cousins now appeals his sentence on the grounds that the district judge incorrectly calculated the Guidelines range and that the sentence is unreasonable in light of *United States v. Booker*, 543 U.S. 220 (2005).  He also argues that the district judge failed to give advance notice of his intention to impose an upward variance from the applicable Guidelines range, pursuant to Federal Rule of Criminal Procedure 32(h).

## II.  ANALYSIS

### A.  Double Counting

Cousins challenges the district court's calculation of the applicable Guidelines range, on the ground that the three-level enhancement for the official status of the victims constitutes double counting because the victims' identities are elements of the charged offenses.  Cousins Br. at 17-20.  Cousins properly preserved this objection for appeal by articulating it during the sentencing hearing.

---

[1] Because § 3D1.2 provides for grouping of counts involving the same victim, the two counts arising from Cousins's threats against the President were treated as a single count in the PSR.  J.A. at 95 (PSR at 5).  Accordingly, the PSR regarded Cousins's case as involving only two counts in all.  J.A. at 96 (PSR at 6).

[2] Instead of adopting either party's suggested calculation, the district court determined that the initial offense level of 12 should be enhanced by three levels for the official status of the victims and another two levels under U.S.S.G. § 4B1.1, because Cousins is a career criminal, for an aggregate level of 17.  J.A. at 55-56 (Sentencing Hr'g Tr. at 19-20).  The court then applied a three-level reduction for acceptance of responsibility.  *Id.*

*See United States v. Perkins*, 89 F.3d 303, 306-07 (6th Cir. 1996). We review the district court's application of the Guidelines de novo. *United States v. Jarman*, 144 F.3d 912, 914 (6th Cir. 1998).

Cousins argues that, because he could not be found guilty of violating either § 871(a) or § 879(a)(2) were his victims ordinary citizens rather than a public official and his relatives, the Guidelines range applicable to those provisions already takes into account the victims' status. Cousins Br. at 17-20. Cousins is mistaken. The Guidelines provision applicable to §§ 871(a) and 879(a)(2), U.S.S.G. § 2A6.1, does not mention victim status. Rather, it applies to *all* threatening or harassing communications, irrespective of the identity of the victim. Thus, absent the enhancement, the sentencing provision makes no distinction between threats toward the First Family and threats toward ordinary citizens. *Cf. United States v. Smith*, 196 F.3d 676, 683-84 (6th Cir. 1999) (adopting the Fifth Circuit's holding in *United States v. Kings*, 981 F.2d 790, 793 (5th Cir. 1993), that a district court does not engage in double counting by applying an official-victim enhancement when the Guideline establishing the base offense level — as opposed to the statute establishing criminal liability — does not take the victim's status into account); *compare United States v. Farrow*, 198 F.3d 179, 191, 193 (6th Cir. 1999) (reversing the district court's "cumulative use of the same conduct to both establish a base offense level and apply an enhancement" and noting this Circuit's "well-established rule that impermissible 'double counting' occurs when precisely the same aspect of a defendant's conduct factors *into his sentence* in two separate ways") (emphasis added). Accordingly, we hold that the district court correctly applied the three-level § 3A1.2 enhancement.

## B. Reasonableness of the Variance

Cousins also contends that his sentence is unreasonable because the district judge failed adequately to explain why the upward variance of two months was "sufficient, but not greater than necessary," to comply with the purposes of 18 U.S.C. § 3553(a). In reviewing sentencing decisions, we apply "a practical standard of review . . . familiar to appellate courts: review for 'unreasonable[ness].'" *United States v. Booker*, 543 U.S. 220, 261 (2005).

> Guided by *Booker*'s principle of meaningful appellate review for reasonableness and its respect for the sentencing goals articulated in § 3553(a), we "may conclude that a sentence is unreasonable when the district judge fails to consider the applicable Guidelines range or neglects to consider the other factors listed in 18 U.S.C. § 3553(a), and instead simply selects what the judge deems an appropriate sentence without such required consideration."

*United States v. Richardson*, 437 F.3d 550, 553 (6th Cir. 2006) (internal citation and quotation marks omitted) (quoting *United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005)).

Section 3553(a) requires a sentencing court to consider the following factors: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the need for the sentence . . . to reflect the seriousness of the offense, to promote respect for the law, . . . to provide just punishment," to deter similar criminal conduct, "to protect the public from further crimes of the defendant," and to provide the defendant with training, medical care, or other treatment; (3) "the kinds of sentences available"; (4) the applicable advisory Guidelines range; (5) relevant policy statements by the Sentencing Commission; (6) "the need to avoid unwarranted sentenc[ing] disparities"; and (7) "the need to provide restitution to . . . victims." 18 U.S.C. § 3553(a).

A sentence within the Guidelines range triggers a rebuttable presumption of reasonableness, *see Richardson*, 437 F.3d at 553-54, but a court imposing such a sentence must nonetheless articulate its reasoning with sufficient specificity to permit meaningful appellate review. *Id.* at 554.

> Perhaps most critically, the presumption [of reasonableness] does not excuse a sentencing court's failure to adhere to the procedural requirements of a reasonable sentence and indeed applies only to sentences that generally have satisfied these numerous requirements. In the Sixth Circuit, as in many other circuits, we distinguish between the substantive and procedural components of reasonableness review, and nothing about the presumption permits a sentencing court to ignore the procedural requirements of a reasonable sentence.

*United States v. Buchanan*, 449 F.3d 731, 738 (6th Cir. 2006) (Sutton, J., concurring) (internal quotation marks omitted). In *Richardson*, we emphasized "the obligation of the district court in each case to communicate clearly its rationale for imposing the specific sentence." *Richardson*, 437 F.3d at 554. In particular:

> Where a defendant raises a particular argument in seeking a lower sentence, the record must reflect both that the district judge considered the defendant's argument and that the judge explained the basis for rejecting it. This assures not only that the defendant can understand the basis for the particular sentence but also that the reviewing court can intelligently determine whether the specific sentence is indeed reasonable.

*Id.* At the sentencing hearing in this case, Cousins requested that the sentences for all three counts run concurrently with each other and with Cousins's state sentence, in order to maximize the likelihood that Cousins would receive treatment for mental illness and drug dependency. *See* J.A. at 70-77 (Sentencing Hr'g Tr. at 34-41).

A district court may impose a sentence outside of the applicable Guidelines range through a Guidelines or non-Guidelines departure. "Our court has previously explained that departures based on Chapter 5 of the Guidelines should be referred to as 'Guideline departures,' and that 'sentences lower than the Guidelines recommendation based on section 3553(a) factors' can be referred to as 'Non-Guideline departures.'" *United States v. Jones*, 445 F.3d 865, 872 n.1 (6th Cir. 2006) (Moore, J., dissenting) (quoting *United States v. McBride*, 434 F.3d 470, 477 n.5 (6th Cir. 2006)). We often refer to Non-Guideline departures as "variances." *See id.*; *United States v. Matheny*, 450 F.3d 633, 640 n.4 (6th Cir. 2006). The district court in this case imposed a non-Guidelines sentence without mentioning any of the Chapter 5 bases for departures; in other words, it imposed a variance. J.A. at 78-79 (Sentencing Hr'g Tr. at 42-43). Variances are neither presumptively reasonable nor presumptively unreasonable. *United States v. Foreman*, 436 F.3d 638, 644 (6th Cir. 2006).

We have upheld sentences imposed by district courts after careful balancing of factors militating toward both stringency and leniency. *See, e.g.*, *United States v. Ward*, 447 F.3d 869, 871-72 (6th Cir. 2006):

> The district court . . . provided sufficient indication of its consideration of the factors listed in 18 U.S.C. § 3553(a) to give this court a sufficient basis to review the sentence for reasonableness. In particular, the district court balanced defendant's drug history and the need for defendant to participate in a substance abuse program, pursuant to 18 U.S.C. § 3553(a)(2)(D), with the severity of his offense including the need to protect the public, pursuant to 18 U.S.C. § 3553 (a)(2)(A), (B), and (C), and his history of criminal activity, pursuant to 18 U.S.C. § 3553(a)(1). The district court also investigated the kinds of sentences available, pursuant to 18 U.S.C. § 3553(a)(3), in light of the fact that it imposed restitution on defendant. Thus, in focusing on the need to protect society from violent criminals, discussing the seriousness of the crime, taking into account the relatively quick amount of time in

which defendant had amassed an extensive criminal history, while considering as well defendant's need for drug treatment, and by deciding to impose restitution on defendant, the district court took into account all of the relevant factors under 18 U.S.C. § 3553(a).

Notably, the *Ward* Court applied this stringent level of review to a sentence that fell within the Guidelines range and was, therefore, entitled to a presumption of reasonableness.

In contrast, we have held that a sentence is unreasonable where the district court lists the § 3553(a) factors and various characteristics of the defendant but does not refer to the applicable Guidelines range or provide reasoning explaining its decision to deviate from that range:

> We hold that, even post-*Booker*, the list provided by the district court, without any accompanying analysis, is insufficient to justify the sentence imposed, as it renders our reasonableness review impossible. Although we are fully cognizant of the fact that district courts are no longer bound by the Guidelines in the manner they once were, a fact which inevitably may empower district courts with greater flexibility in sentencing, we nonetheless find that, pursuant to *Booker*, we as an appellate court must still have the articulation of the reasons the district court reached the sentence ultimately imposed, as required by 18 U.S.C. § 3553(c). In our view, *Booker* requires an acknowledgment of the defendant's applicable Guidelines range as well as a discussion of the reasonableness of a variation from that range.

*United States v. Jackson*, 408 F.3d 301, 304-05 (6th Cir. 2005).

In pronouncing Cousins's sentence, the district court noted the gravity of Cousins's offense, the difficulty of deterring similar conduct by Cousins or others, and the importance of protecting the public and the President. The court also concluded that Cousins's criminal history score, high though it was, did not adequately reflect the full extent of Cousins's criminal record. The district judge then ruled as follows:

> Having considered the nature and circumstances of the offense, the history and characteristics of the defendant, the advisory nature of the applicable guideline, sentencing guidelines, and in the exercise of the court's sentencing discretion, the court sentences the defendant to a term of 48 months for each conviction, with the terms of 48 months for Counts 1, 2, and 3 to be served concurrently with each other but consecutive to the sentence now being served by the defendant in state custody.

J.A. at 79-80 (Sentencing Hr'g Tr. at 43-44).

In pronouncing the sentence, the district court did not mention Cousins's request for concurrent federal and state sentences or explain the reason for its rejection of that request. J.A. at 79 (Sentencing Hr'g Tr. at 43) (stating only, "I think it's very doubtful that any appropriate treatment can be provided for the defendant in the context of correctional treatment, having studied his record and his conduct"). Nor did the court expressly acknowledge the applicable Guidelines range. J.A. at 79 (Sentencing Hr'g Tr. at 43) (referring only to "the advisory nature of the applicable guideline, sentencing guidelines"). *See United States v. Davidson*, 409 F.3d 304, 310 (6th Cir. 2005) ("A judge cannot satisfy this duty [to consider the Guidelines recommendation] by a general reference to the entirety of the Guidelines Manual, followed by a decision to impose a 'non-Guidelines sentence.'") (alteration in original) (quoting *United States v. Crosby*, 397 F.3d 103, 111-12 (2d Cir. 2005)). Finally, the district judge failed to provide his reasoning for the variance or to explain how the two months that he added to the maximum Guidelines sentence were related to his stated goal of protecting the public, which might as easily be invoked to justify a variance of one day or ten years. We therefore hold that the district court failed to provide sufficient explanation

to permit meaningful appellate review, and the sentence thus falls short of *Booker*'s procedural reasonableness requirement. *See Booker*, 543 U.S. at 224. We would reach the same result even if a within-Guidelines-range sentence were not viewed as presumptively reasonable.

## C. The Notice Requirement of Federal Rule of Criminal Procedure 32(h)

Cousins also points out that the district court failed to give the parties advance notice that it was considering imposing a sentence outside of the applicable Guidelines range on a ground not identified in the PSR or in any party's pre-hearing submission, as required by FED. R. CRIM. P. 32(h). Cousins Br. at 24. Rule 32(h) was adopted in 1996 in response to the Supreme Court's holding in *Burns v. United States*, 501 U.S. 129 (1991). *United States v. Vampire Nation*, 451 F.3d 189, 195-96 (3d Cir. 2006); *United States v. Walker*, 447 F.3d 999, 1006 (7th Cir. 2006). The *Burns* Court held as follows:

> Here we deal with the extraordinary case in which the district court, on its own initiative and contrary to the expectations of both the defendant and the Government, decides that the factual and legal predicates for a departure are satisfied. The question before us is whether Congress, in enacting the Sentencing Reform Act, intended that the district court be free to make such a determination without notifying the parties. We believe that the answer to this question is clearly no.

*Burns*, 501 U.S. at 135. Rule 32(h), which was formulated while the Guidelines were still mandatory, codified the *Burns* principle:

> **Notice of Possible Departure from Sentencing Guidelines.** Before the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure. The notice must specify any ground on which the court is contemplating a departure.

FED. R. CRIM. P. 32(h).

In this case, the district court, no longer bound by the mandatory Guidelines, utilized not a departure but a variance. Our sister circuits are split concerning the question whether Rule 32(h) applies to variances based upon the § 3553(a) factors. The Third, Seventh, Eighth, and Eleventh Circuits have answered in the negative. *Vampire Nation*, 451 F.3d at 196 ("What has changed[,] post-*Booker*, is that sentencing is a discretionary exercise, and now includes a review of the factors set forth in § 3553(a). These factors are known prior to sentencing. . . . [and thus] we believe the element of 'unfair surprise' that *Burns* sought to eliminate is not present."); *Walker*, 447 F.3d at 1007 ("The element of unfair surprise that underlay *Burns* and led to the creation of Rule 32(h) is no longer present; defendants are on notice post-*Booker* that sentencing courts have discretion to consider any of the factors specified in § 3553(a)."); *United States v. Long Soldier*, 431 F.3d 1120, 1122 (8th Cir. 2005) ("[N]otice pursuant to Rule 32(h) is not required when the adjustment to the sentence is effected by a variance, rather than by a departure."); *United States v. Irizarry*, 458 F.3d 1208, 1212 (11th Cir. 2006) (holding Rule 32(h) inapplicable to such variances because, "[g]iven *Booker*, parties cannot claim unfair surprise or inability to present informed comment — the Supreme Court's concerns in *Burns* — when a district court imposes a sentence above the guidelines range based on the section 3533(a) sentencing factors").

The Fourth, Ninth, and Tenth Circuits have, however, held that Rule 32(h) continues to apply to all non-Guidelines sentences. *United States v. Davenport*, 445 F.3d 366, 371 (4th Cir. 2006) ("The need for . . . notice is as clear now as before *Booker*. There is essentially no limit on the number of potential factors that may warrant a . . . variance, and neither the defendant nor the Government is in a position to guess when or on what grounds a district court might depart or vary

. . . .") (internal quotation marks omitted); *United States v. Evans-Martinez*, 448 F.3d 1163, 1167 (9th Cir. 2006) ("Post-*Booker*, the district court . . . . has the discretion to sentence both above and below the range suggested by the Guidelines. Parties must receive notice the court is contemplating such a possibility in order to ensure that issues with the potential to impact sentencing are fully aired.") (internal citations omitted); *United States v. Dozier*, 444 F.3d 1215, 1217-18 (10th Cir. 2006) ("We do not question the viability of Rule 32(h) and *Burns* after *Booker*. Indeed, we recently held that[,] post-*Booker*, the Government is entitled to notice under Rule 32(h) when the District Court departs downward from the Guidelines.") (citing *United States v. Monroy*, 135 F. App'x 190, 193 (10th Cir. 2005)).[3]

We find persuasive the reasoning of the circuits that continue to apply Rule 32(h) to all sentences that deviate from the Guidelines. While it is true that, after *Booker*, parties may be assumed to know that a district court may impose a variance on the basis of a factor not identified in the PSR or in a party's submission, the same was true of departures before *Booker*. Chapter 5 of the Guidelines, like § 3553(a), specifically identifies various factors that a court should take into consideration when deciding whether or not to grant a departure. Section 5K2.1, for instance, authorizes a sentencing court to enter an upward departure upon a finding that a defendant's crime resulted in a death. U.S.S.G. § 5K2.1. Similarly, the court may depart if the defendant caused significant physical injury, with the degree of the departure corresponding to the severity of the injury, and so on. *Id.* § 5K2.2.

Chapter 5's lengthy list of departure criteria provided guidance to parties seeking to identify likely sentencing issues well before *Booker* was decided.[4] We cannot discern any distinction between the departure criteria and the § 3553(a) factors, in terms of the notice that they provide to parties preparing for sentencing. Accordingly, we join the Fourth, Ninth, and Tenth Circuits in holding that Rule 32(h) of the Federal Rules of Criminal Procedure applies equally to Chapter 5 departures and § 3553(a) variances. In this case, the district court imposed a two-month upward variance from the Guidelines range, despite the fact that neither the government nor the PSR had recommended such a variance. Cousins did not object to the district court's failure to provide advance notice that it was considering the variance, and thus we review the court's action for plain error. *See United States v. Meeker*, 411 F.3d 736, 744 (6th Cir. 2005).

Plain-error review is governed by Rule 52(b), which provides that "[a] plain error that affects substantial rights may be considered even though it was not brought to the court's attention." FED. R. CRIM. P. 52(b). To vacate a sentence for plain error, we must find (1) an error that (2) is plain, (3) affects substantial rights, and (4) "seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Olano*, 507 U.S. 725, 732-34, 736 (1993) (internal quotation marks and alteration omitted). We have previously held that "[a] sentencing court that fails to provide reasonable notice of its intention to depart from the Guidelines range . . . commits plain error." *Meeker*, 411 F.3d at 744.

"Having demonstrated obvious error, [Cousins] must establish an effect on his substantial rights, and a serious impact to the fairness, integrity or public reputation of the judicial proceeding, to fulfill the further requirements of the plain error test." *United States v. Lopez-Medina*, 461 F.3d 724, 745 (6th Cir. 2006). "An effect on substantial rights is typically established through a showing of an actual effect on the outcome of the case." *Id.* While Cousins has not produced (and, indeed,

---

[3] Although the *Dozier* opinion uses the term "departs" instead of "varies," the context of the opinion makes clear that its holding encompasses both Chapter 5 departures and § 3553(a) variances. *See id.* at 1218 (quoting from *United States v. Simmerer*, 156 F. App'x 124, 128 (11th Cir. 2005), a decision that speaks of a "variance," and characterizing it as contrary to the *Dozier* holding).

[4] Chapter 5, Part K, which lists the departure criteria, was enacted in 1987 and amended in 1990.

it will be the rare defendant who can produce) evidence that his sentence would have been different had the district court provided him with advance notice of its intention to impose an upward variance, he does argue that such notice would have permitted his counsel to address the district court's concerns regarding his prior criminal history and potential (or lack thereof) for rehabilitation.

In *Meeker*, we held that the defendant had not shown prejudice where "the evidence supporting an upward departure was essentially irrebuttable." *Meeker*, 411 F.3d at 746. There, the district court had departed upward in sentencing a defendant convicted of fraud, on the grounds that "the offense involved the knowing endangerment of the solvency of one or more victims" and that "the offense caused reasonably foreseeable, physical or psychological harm or severe emotional trauma." *Id.* at 745 (internal quotation marks omitted). The evidence upon which the sentencing court relied consisted of "a five-page list of the victims' names and the amount of their financial losses," as well as "victim letters, wherein their authors described the emotional impact that Meeker's fraud was having on them." *Id.*

In contrast to the facts of *Meeker*, the evidence supporting the variance in this case is not "irrebuttable." On the contrary, in light of the variety of considerations relied upon by the district judge and the minimal variance that he imposed—a mere two months above the top of the Guidelines range—it appears at least possible that defense counsel could, given adequate notice, have prepared additional argument and evidence and thus persuaded the district court that the guideline range was appropriate.

"The final inquiry is whether the error seriously affected the fairness, integrity, or public reputation of the judicial proceedings. Whether this factor is met is within our discretion to decide." *United States v. Hamm*, 400 F.3d 336, 340 (6th Cir. 2005) (internal quotation marks and citation omitted). Both the Supreme Court and this court have declined to exercise their discretion to vacate erroneous sentences when the evidence supporting the district court's findings is "overwhelming" and "essentially uncontroverted." *See, e.g.*, *United States v. Cotton*, 535 U.S. 625, 633 (2002) (internal quotation marks omitted); *United States v. Stewart*, 306 F.3d 295, 318 (6th Cir. 2002), *cert. denied*, 537 U.S. 1138 (2003), 538 U.S. 1036 (2003), 537 U.S. 1146 (2003); *United States v. Harris*, 293 F.3d 970, 974 (6th Cir.), *cert. denied*, 537 U.S. 1073 (2002).

As explained supra, however, the evidence supporting the variance in this case is neither overwhelming nor uncontroverted. We therefore conclude that the district court committed reversible error by imposing a variance on a ground not specified in the PSR or in any party's submission, without providing advance notice as required by Rule 32(h).

## III.  CONCLUSION

Cousins's sentence is unreasonable under *Booker* because the district judge failed to provide an adequate explanation for his imposition of a sentence with an upward variance. Moreover, the district court plainly erred in failing to give the parties notice pursuant to Federal Rule of Criminal Procedure 32(h) that he was contemplating an upward variance on a ground not previously identified. The sentence is therefore **VACATED** and this case is **REMANDED** to the district court for resentencing consistent with this opinion.

---

**CONCURRING IN PART, DISSENTING IN PART**

---

JULIA SMITH GIBBONS, Circuit Judge, concurring in part and dissenting in part. I agree with the majority's conclusion that we must remand this case for resentencing but disagree with the opinion's analysis on the Rule 32(h) issue. I also write separately to make a few comments on the other issues.

Initially, although I agree with the majority's resolution of the double-counting issue, I note that we need not resolve this issue. Cousins is a career offender, a status he does not challenge. Thus, under U.S.S.G. § 4B1.1(b)(F), his offense level is 17. Success on the double-counting issue would not alter his guideline range.

Second, I offer a few thoughts about the adequacy of the district court's explanation of its decision to sentence Cousins to a sentence two months longer than the top of the applicable guideline range and to make the federal sentence consecutive to the state sentence. The district court's discussion of its reasoning with respect to the sentence is fairly extensive. It includes several salient observations that might well justify the sentence imposed. For example, the court indicates that Category VI underrepresents the seriousness of the defendant's criminal history and references the seriousness of the crime, the need to protect the public, and the likely futility of treatment for the defendant in prison. The district court's explanation is thoughtful and covers factors admittedly relevant to sentencing. Moreover, U.S.S.G. § 5G1.3(a) directs that a consecutive sentence be imposed when the defendant committed the crime while serving a term of imprisonment.[1] We have not considered the treatment of guideline provisions of this type under an advisory guideline regime, but it is fair to say that the district court was, at a minimum, entitled to take it into account. Under these circumstances, I am reluctant to remand the case to a district judge who has doubtless given careful thought to the sentence. Yet I believe that we must do so because we cannot properly review the sentence for reasonableness without knowing why the court selected the particular sentence it imposed. The court's failure is neglecting to tell us which, if any, of the factors it mentioned prompted the decision to sentence Cousins to 48 months and why the 48-month sentence was chosen as opposed to some other one.

Turning last to the Rule 32(h) issue, my preferred course would be declining to resolve it. We are remanding the case anyway and, upon remand, Cousins will clearly be on notice that the district court is contemplating a variance, since it previously imposed one. The question presented has divided our sister circuits, and we have no good reason to reach it here. But since the majority has chosen to reach it, I will note that any error was not a plain error affecting substantial rights. Although the majority pays lip service to the requirement that the defendant make "a showing of an actual effect on the outcome of the case," *Lopez-Medina*, 461 F.3d at 745, it then effectively eliminates the requirement. The majority distinguishes *Meeker* by concluding that "the evidence supporting the variance in this case is not 'irrebuttable.'" (Op. 8.) However, prejudice is not demonstrated by a simple lack of irrebuttable evidence. "It is the defendant rather than the Government who bears the burden of persuasion with respect to prejudice." *Olano*, 507 U.S. at 734. As the majority correctly notes, Cousins merely "argues that [notice of the upward variance] would have permitted his counsel to address the district court's concerns." He gives no "indication as to how, if given the proper notice and opportunity to comment, he could have challenged the information." *United States v. Nappi*, 243 F.3d 758, 770 (3d Cir. 2001), *cited with approval in*

---

[1] Cousins initially sent his threats from state prison and later reiterated them in an interview while in state prison.

*Meeker*, 411 F.3d at 746. The majority tacitly recognizes this when it makes its highly-qualified conclusion that "it *appears* at least *possible* that defense counsel *could*, given adequate notice, have prepared additional argument and evidence." (Op. 8 (emphasis added).) Yet there is no evidence to support this conclusion. Cousins's brief in this appeal was filed more than ten months after the sentencing hearing, yet in that time defense counsel still has not presented the court with an actual argument that might have affected the outcome of the case. Cousins's conclusory assertion in his brief is an inadequate basis to find that a failure to give the Rule 32(h) notice affected his substantial rights. While the majority may be correct that it is difficult for a defendant to prove that his sentence would have been different, it is not difficult for, and the prejudice analysis requires, the defendant at least to articulate the arguments that would have been made. *See Nappi*, 243 F.3d at 770 ("[The defendant] must convince us that . . . he would have done something by way of argument or proof . . . that probably would have impacted upon the Court's sentence.") I thus dissent from the majority's analysis on the Rule 32(h) issue.