*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 08a0094p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

No. 06-1867

DONALD WAYNE ALEXANDER,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Michigan at Marquette.
No. 05-00048—R. Allan Edgar, District Judge.

Argued: February 7, 2008

Decided and Filed: February 26, 2008

Before: KENNEDY, MARTIN, and COLE, Circuit Judges.

_____

**COUNSEL**

**ARGUED:** Paul L. Nelson, FEDERAL PUBLIC DEFENDER'S OFFICE, Grand Rapids, Michigan, for Appellant. Timothy P. VerHey, ASSISTANT UNITED STATES ATTORNEY, Grand Rapids, Michigan, for Appellee. **ON BRIEF:** Paul L. Nelson, FEDERAL PUBLIC DEFENDER'S OFFICE, Grand Rapids, Michigan, for Appellant. Paul D. Lochner, ASSISTANT UNITED STATES ATTORNEY, Marquette, Michigan, for Appellee.

MARTIN, J., delivered the opinion of the court, in which COLE, J., joined. KENNEDY, J. (pp. 4-5), delivered a separate dissenting opinion.

_____

**OPINION**

_____

BOYCE F. MARTIN, JR., Circuit Judge. Defendant-Appellant Donald Wayne Alexander pleaded guilty to an indictment charging him with sexual abuse of a minor in violation of 18 U.S.C. § 2243(a). The district court departed upward and sentenced Alexander to forty-two months' imprisonment. Because the district court failed to provide notice of the variance as required by Federal Rule of Criminal Procedure 32(h) we VACATE Alexander's sentence and REMAND to the district court for re-sentencing.

1

I

On January 31, 2006, Alexander entered into a plea agreement whereby he pleaded guilty to an indictment that charged him with sexual abuse of a minor in violation of 18 U.S.C. § 2243(a). The pre-sentence report calculated the Guidelines range for imprisonment at eighteen to twenty-four months and found no reason for any departure. Alexander filed a sentencing memorandum which, among other arguments, requested a recommendation for mental health and educational counseling. The sentencing hearing was held on June 5, 2006. At the hearing, Alexander's attorney again asked the court to sentence Alexander in a manner that would allow him to receive treatment for his problems during his period of incarceration. The court stated:

> The defendant also has a need for sex offender treatment that, frankly, there is not enough time to address that with a guidelines range sentence in this case, because normally we send those people down to Butner, North Carolina, to the sex offender treatment program down there, and it takes a while to get that done . . . And with a guideline sentence, there is not enough time left for him to get substance abuse treatment and sex abuse treatment, and he needs that.

The judge then sentenced Alexander to forty-two months in prison and recommended him for participation in a five-hundred hour mental health and substance abuse treatment program. The judge asked if there were any objections, and both parties answered in the negative.

II

Because Alexander did not object to the upward variance when asked at the sentencing hearing, we review his sentence for plain error. Plain-error review is governed by Rule 52(b), which provides that "[a] plain error that affects substantial rights may be considered even though it was not brought to the court's attention." FED. R. CRIM. P. 52(b). To vacate a sentence for plain error, we must find (1) an error that (2) is plain, (3) affects substantial rights, and (4) seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Olano*, 507 U.S. 725, 732-34, 736 (internal quotation marks and alteration omitted).

Alexander alleges a violation of Rule 32(h), which states:

> Before the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure. The notice must specify any ground on which the court is contemplating a departure.

FED. R. CRIM. P. 32(h). In *United States v. Cousins*, this Court held that Rule 32(h) applies to all sentences that deviate from the Guidelines. 469 F.3d 572, 580 (6th Cir. 2006).

We find that *Cousins* provides controlling precedent in this case. In *Cousins*, the district court calculated the guidelines range to be thirty-seven to forty-six months' imprisonment. Without notice, the judge then departed upward to forty-eight months. *Cousins*, 469 F.3d at 575. In that case, this Court vacated Cousins's sentence for violating Rule 32(h), finding that the departure without notice was plain error. *Id*. at 581. The error was plain because notice of intent to depart is clearly required by Rule 32(h) and nothing in the pre-sentence report or the parties' filings stated any grounds for departure. *Id*. at 580. The error affected substantial rights because the evidence supporting the departure was not irrebuttable and Cousins could have prepared an argument to persuade the judge against departing. *Id*. at 581. Finally, this Court declined to exercise its discretion to find that the error did not affect the fairness, integrity, or public reputation of judicial

proceedings because "the evidence supporting the variance . . . is neither overwhelming nor uncontroverted." *Id.*

Each of these elements is present in this case as well. No notice of an intent to depart is present in the submissions of the parties or the pre-sentence report. The judge departed upward to allow sufficient time for Alexander to take part in a rehabilitation program, but, with advance notice, Alexander could have presented evidence that forty-two months was greater than required to meet that end. Finally, the evidence supporting the upward departure is not "overwhelming" since Alexander argues that rehabilitation programs requiring fewer than forty-two months were available to him. We therefore find that *Cousins*[1] controls, and we remand this case for re-sentencing.

III

Because the district court committed plain error in departing upwards, we VACATE the sentence and REMAND for re-sentencing.

---

[1]We note that the Supreme Court recently granted certiorari on a closely related issue in *Irizarry v. United States*, 458 F.3d 1208, *cert. granted*, 128 S.Ct. 828 (Jan. 4, 2008). However, *Cousins* remains the law of this Circuit unless and until the Supreme Court holds otherwise.

———————————

**DISSENT**

———————————

KENNEDY, Circuit Judge, dissenting.  While I agree with the majority that the district court's failure to provide Defendant Alexander with reasonable notice of its intention to depart from the Guidelines range was plain error, I respectfully dissent with their decision to notice the error as Defendant has not demonstrated that this error affects substantial rights.  "An effect on substantial rights is typically established through a showing of an actual effect on the outcome of the case." *United States v. Lopez-Medina*, 461 F.3d 724, 745 (6th Cir. 2006).  We have recognized, though, that it will be the rare defendant who can produce evidence that his sentence would have been different had the district court provided him with advance notice of its intention to impose an upward variance.  *United States v. Cousins*, 469 F.3d 572, 581 (6th Cir. 2006).  Nonetheless, ultimately "[i]t is the defendant rather than the Government who bears the burden of persuasion with respect to prejudice." *United States v. Olano*, 507 U.S. 725, 734 (1993).

In the present case, Defendant argues that given adequate notice he would have had the opportunity to obtain information and prepare additional argument regarding what sentence would be sufficient, but not greater than necessary, for the sex offender treatment contemplated by the court to be completed.  *See* Appellant's Br. at 12.  However, Defendant does not actually proffer any such evidence or make any such argument on appeal.  Contrary to the majority's assertion, *see* Maj. Op. at 2-3, Defendant has not identified what other sex offender treatment programs would be available to him, requiring fewer than forty-two months for eligibility and completion, that he could have presented to the district court if given notice of its intention to impose an upward departure on that ground.  Without more, Defendant has failed to carry his burden on plain error review to show that the district court's error prejudiced the outcome of his case.

To find an effect on substantial rights, the majority relies on *Cousins*, in which a panel of this Court accepted a similar argument, in *dicta*, where "it appear[ed] at least possible that defense counsel could, given adequate notice, have prepared additional argument and evidence and thus persuaded the district court that the guidelines range was appropriate."  469 F.3d at 581.  The majority, however, fails to recognize a key distinction between *Cousins* and the case at hand.  In *Cousins*, the district court had failed to explain its reasoning for imposing the upward variance; thus, it is understandable that the *Cousins* panel did not require the defendant to indicate "how, if given proper notice and opportunity to comment, he could have challenged the information" to show prejudice. *United States v. Nappi*, 243 F.3d 758, 770 (3d Cir. 2001), *cited with approval in United States v. Meeker*, 411 F.3d 736, 746 (6th Cir. 2005).  This is unlike the present case in which the district court plainly stated its reasons for imposing the upward variance.  To satisfy his burden on appeal, Defendant should at least indicate how, if given proper notice, he could have challenged the factors relied on by the district court in imposing the variance to affect its sentencing decision.[1]

———————————————

[1]Instead, on appeal, the Government presents evidence demonstrating that the district court's imposed sentence was "sufficient, but not greater than necessary" to ensure that Defendant had the opportunity to complete sex offender treatment while in custody.  According to the criteria for acceptance into the Bureau of Prisons sex offender treatment program, a prisoner cannot have more than 36 months or less than 18 months left in his sentence to be eligible for the program at FCI Butner, North Carolina.  In light of the fact that Defendant had already been in custody for about five months at the time of sentencing, if the district court had sentenced Defendant at the high end of the Guidelines range to 24 months imprisonment, he would have to have arrived at FCI Butner in less than one month to be eligible to participate in the program.  The district court gave Defendant a 42-month sentence, which, if given credit for time served, placed Defendant at the outer range of eligibility for the treatment program.  Thus, it appears that the imposed 42-month sentence was sufficient, but not greater than necessary, to ensure that Defendant was provided with the greatest opportunity to complete the sex offender treatment the district court determined he needed.

Defendant, however, still has not identified the substance of the arguments he claims he could have made if given proper notice.

Because I find that Defendant has not satisfied his burden on appeal to show that the district court's plain error in failing to provide reasonable notice affected his substantial rights, I would decline to take notice of the forfeited error.