OPINION
BOYCE F. MARTIN, JR., Circuit Judge.
Defendant-Appellant Donald Wayne Alexander pleaded guilty to an indictment charging him with sexual abuse of a minor in violation of 18 U.S.C. § 2243(a). The district court departed upward and sentenced Alexander to forty-two months’ imprisonment. Because the district court failed to provide notice of the variance as required by Federal Rule of Criminal Procedure 32(h) we VACATE Alexander’s sentence and REMAND to the district court for re-sentencing.
I
On January 31, 2006, Alexander entered into a plea agreement whereby he pleaded guilty to an indictment that charged him with sexual abuse of a minor in violation of 18 U.S.C. § 2243(a). The pre-sentence report calculated the Guidelines range for imprisonment at eighteen to twenty-four months and found no reason for any departure. Alexander filed a sentencing memorandum which, among other arguments, requested a recommendation for mental health and educational counseling. The sentencing hearing was held on June 5, 2006. At the hearing, Alexander’s attorney again asked the court to sentence Alexander in a manner that would allow him to receive treatment for his problems during his period of incarceration. The court stated:
The defendant also has a need for sex offender treatment that, frankly, there is not enough time to address that with a guidelines range sentence in this case, because normally we send those people down to Butner, North Carolina, to the sex offender treatment program down there, and it takes a while to get that done ... And with a guideline sentence, there is not enough time left for him to get substance abuse treatment and sex abuse treatment, and he needs that.
The judge then sentenced Alexander to forty-two months in prison and recommended him for participation in a five-hundred hour mental health and substance abuse treatment program. The judge asked if there were any objections, and both parties answered in the negative.
*889 II
Because Alexander did not object to the upward variance when asked at the sentencing hearing, we review his sentence for plain error. Plain-error review is governed by Rule 52(b), which provides that “[a] plain error that affects substantial rights may be considered even though it was not brought to the court’s attention.” Fed.R.CRIm.P. 52(b). To vacate a sentence for plain error, we must find (1) an error that (2) is plain, (3) affects substantial rights, and (4) seriously affects the fairness, integrity or public reputation of judicial proceedings. United States v. Olano, 507 U.S. 725, 732-34, 736, 113 S.Ct. 1770, 123 L.Ed.2d 508 (internal quotation marks and alteration omitted).
Alexander alleges a violation of Rule 32(h), which states:
Before the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party’s pre-hearing submission, the court must give the parties reasonable notice that it is contemplating such a departure. The notice must specify any ground on which the court is contemplating a departure.
Fed.R.CRIm.P. 32(h). In United States v. Cousins, this Court held that Rule 32(h) applies to all sentences that deviate from the Guidelines. 469 F.3d 572, 580 (6th Cir .2006).
We find that Cousins provides controlling precedent in this case. In Cousins, the district court calculated the guidelines range to be thirty-seven to forty-six months’ imprisonment. Without notice, the judge then departed upward to forty-eight months. Cousins, 469 F.3d at 575. In that case, this Court vacated Cousins’s sentence for violating Rule 32(h), finding that the departure without notice was plain error. Id. at 581. The error was plain because notice of intent to depart is clearly required by Rule 32(h) and nothing in the pre-sentence report or the parties’ filings stated any grounds for departure. Id. at 580. The error affected substantial rights because the evidence supporting the departure was not irrebuttable and Cousins could have prepared an argument to persuade the judge against departing. Id. at 581. Finally, this Court declined to exercise its discretion to find that the error did not affect the fairness, integrity, or public reputation of judicial proceedings because “the evidence supporting the variance ... is neither overwhelming nor uncontrovert-ed.” Id.
Each of these elements is present in this case as well. No notice of an intent to depart is present in the submissions of the parties or the pre-sentence report. The judge departed upward to allow sufficient time for Alexander to take part in a rehabilitation program, but, with advance notice, Alexander could have presented evidence that forty-two months was greater than required to meet that end. Finally, the evidence supporting the upward departure is not “overwhelming” since Alexander argues that rehabilitation programs requiring fewer than forty-two months were available to him. We therefore find that Cousins[1] controls, and we remand this case for re-sentencing.
Ill
Because the district court committed plain error in departing upwards, we VA *890 CATE the sentence and REMAND for re-sentencing.

. We note that the Supreme Court recently granted certiorari on a closely related issue in United States v. Irizarry, 458 F.3d 1208, cert, granted, - U.S. -, 128 S.Ct. 828, 169 L.Ed.2d 625 (2008). However, Cousins remains the law of this Circuit unless and until the Supreme Court holds otherwise.