KENNEDY, Circuit Judge,
dissenting.
While I agree with the majority that the district court’s failure to provide Defendant Alexander with reasonable notice of its intention to depart from the Guidelines range was plain error, I respectfully dissent with their decision to notice the error as Defendant has not demonstrated that this error affects substantial rights. “An effect on substantial rights is typically established through a showing of an actual effect on the outcome of the case.” United States v. Lopez-Medina, 461 F.3d 724, 745 (6th Cir.2006). We have recognized, though, that it will be the rare defendant who can produce evidence that his sentence would have been different had the district court provided him with advance notice of its intention to impose an upward variance. United States v. Cousins, 469 F.3d 572, 581 (6th Cir.2006). Nonetheless, ultimately “[i]t is the defendant rather than the Government who bears the burden of persuasion with respect to prejudice.” United States v. Olano, 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).
In the present case, Defendant argues that given adequate notice he would have had the opportunity to obtain information and prepare additional argument regarding what sentence would be sufficient, but not greater than necessary, for the sex offender treatment contemplated by the court to be completed. See Appellant’s Br. at 12. However, Defendant does not actually proffer any such evidence or make any such argument on appeal. Contrary to the majority’s assertion, see Maj. Op. at 888-90, Defendant has not identified what other sex offender treatment programs would be available to him, requiring fewer than forty-two months for eligibility and completion, that he could have presented to the district court if given notice of its intention to impose an upward departure on that ground. Without more, Defendant has failed to carry his burden on plain error review to show that the district court’s error prejudiced the outcome of his case.
To find an effect on substantial rights, the majority relies on Cousins, in which a panel of this Court accepted a similar argument, in dicta, where “it appeared] at least possible that defense counsel could, given adequate notice, have prepared additional argument and evidence and thus persuaded the district court that the guidelines range was appropriate.” 469 F.3d at 581. The majority, however, fails to recognize a key distinction between Cousins and the case at hand. In Cousins, the district court had failed to explain its reasoning for imposing the upward variance; thus, it is understandable that the Cousins panel did not require the defendant to indicate “how, if given proper notice and opportunity to comment, he could have challenged the information” to show prejudice. United States v. Nappi, 243 F.3d 758, 770 (3d Cir.2001), cited with approval in United States v. Meeker, 411 F.3d 736, 746 (6th Cir.2005). This is unlike the present ease in which the district court plainly stated its reasons for imposing the upward variance. To satisfy his burden on appeal, Defendant should at least indicate how, if given proper notice, he could have challenged the factors relied on by the district court in imposing the variance to affect its sentencing decision.[1] *891 Defendant, however, still has not identified the substance of the arguments he claims he could have made if given proper notice.
Because I find that Defendant has not satisfied his burden on appeal to show that the district court’s plain error in failing to provide reasonable notice affected his substantial rights, I would decline to take notice of the forfeited error.

. Instead, on appeal, the Government presents evidence demonstrating that the district court’s imposed sentence was “sufficient, but not greater than necessary” to ensure that Defendant had the opportunity to complete sex offender treatment while in custody. Ac *891 cording to the criteria for acceptance into the Bureau of Prisons sex offender treatment program, a prisoner cannot have more than 36 months or less than 18 months left in his sentence to be eligible for the program at FCI Butner, North Carolina. In light of the fact that Defendant had already been in custody for about five months at the time of sentencing, if the district court had sentenced Defendant at the high end of the Guidelines range to 24 months imprisonment, he would have to have arrived at FCI Butner in less than one month to be eligible to participate in the program. The district court gave Defendant a 42-month sentence, which, if given credit for time served, placed Defendant at the outer range of eligibility for the treatment program. Thus, it appears that the imposed 42-month sentence was sufficient, but not greater than necessary, to ensure that Defendant was provided with the greatest opportunity to complete the sex offender treatment the district court determined he needed.