CLAY, Circuit Judge,
dissenting.
In this appeal Defendant challenges the procedural reasonableness of his sixty-three month sentence. The procedural unreasonableness of the way Defendant’s sentence was imposed was made manifest by the district court’s failure to specifically address the history and characteristics of the Defendant or the circumstances of the offense in applying the § 3553(a) sentencing factors; rather, the district court simply made a few general and conclusory comments that could apply to virtually any *793 defendant charged with the offense for which Defendant was charged. The district court’s sentencing thus provides this Court with no basis for conducting meaningful appellate review in this case. Therefore, I would vacate Defendant’s sentence, and remand for resentencing.
Prior to evaluating the procedural reasonableness of Defendant’s sentence, this Court must “determine what standard of review applies” by “determin[ing] whether [defendant] preserved these claims for appeal.” United States v. Bolds, 511 F.3d 568, 578 (6th Cir.2007). As we held in United States v. Bostic, 371 F.3d 865 (6th Cir.2004), “district courts are required, after announcing sentence, to ask the parties whether they have any objections to the sentence that have not previously been raised.” United States v. Herrera-Zuniga, 571 F.3d 568, 578 (6th Cir.2009). If the defendant fails to raise an error “[w]here the- sentencing judge complies with this procedure, the defendant generally forfeits the right to challenge on appeal any procedural errors to which he did not object at the time of sentencing.” Id. Unpreserved procedural challenges will be reviewed for plain error only. Id. at 581.
In this appeal Defendant contends that his sentence is procedurally unreasonable because “the [district] judge gave no explanation as to why he chose to sentence the defendant to the top of the advisory range.” (Br. of Appellant at 5.) As required by Bostic, after sentencing Defendant, the district court asked “does Mr. Chastain have any objection to the sentence the Court just announced that he’s not previously raised?” (R. 41 at 8.) As Defendant did not object to his sentence at the sentencing hearing, we review for plain error.
Procedural reasonableness review “begins with a robust review of the factors evaluated and the procedures employed by the district court in reaching its sentencing determination.” Bolds, 511 F.3d at 578. Specifically,
[i]n reviewing sentences for procedural reasonableness the Court must ensure that the district court: (1) properly cal-. culated the applicable advisory Guideline range; considered the other § 3553(a) factors as well as the parties’ arguments for a sentence outside the Guidelines range; and (3) adequately articulated its reasoning for imposing the particular sentence chosen, including any rejection of the parties’ arguments for an outside-Guidelines sentence and any decision to deviate from the advisory Guidelines range.
Id. at 581. To establish plain error, “a defendant must show (1) error[,] (2) that was obvious or clear, (3) that affected defendant’s substantial rightsf,] and (4) that affected the fairness, integrity, or public reputation of the judicial proceedings.” United States v. Vonner, 516 F.3d 382, 386 (6th Cir.2008) (en banc).
In sentencing Defendant, the district court stated, “the guideline range is merely advisory and is not binding on the court” and the court,
must take into account ... the sentencing factors listed in 18 U.S.C. § 3553(a), in arriving at an appropriate sentence .... [T]he Court having considered the facts and circumstances of the offense, the background and history of the defendant, the factors stated in 18 U.S.C. Section 3553(a), it is the judgment of the Court ... that the defendant, Douglas Chastain, is ... to be imprisoned for a term of 63 months.
(R. 41 at 5, 7.)
In evaluating a district court’s articulation of the basis for a sentence, one of our tasks “is to ensure that the district court has adequately explained the chosen sentence to allow for meaningful appellate review and to promote the perception of *794 fair sentencing.” Bolds, 511 F.3d at 580. A district judge commits reversible procedural error by “failing] to set forth enough of a statement of reasons to satisfy the appellate court that he ... has a reasoned basis for exercising his own legal decision making authority.” Id. (internal quotations and citations omitted).
In reviewing the district court’s application of the § 3553(a) factors “there is no requirement ... that the district court engage in a ritualistic incantation to establish consideration of a legal issue” or that it “make specific findings related to each of the factors considered.” Id. However, in order for a sentence to be procedurally reasonable “the record must contain the district court’s rationale for concluding that the sentence imposed is sufficient but not greater than necessary, to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a).” Id. The district court must provide an articulation of the reasons [it] “reached the sentence ultimately imposed.” United States v. Jackson, 408 F.3d 301, 305 (6th Cir.2005). We have further explained that “[s]imply listing the § 3553(a) factors and various characteristics of the defendant without referring to the applicable Guidelines range or explaining the decision to stay within or deviate from that range is insufficient.” Bolds, 511 F.3d at 580 (quoting United States v. Cousins, 469 F.3d 572, 577 (6th Cir.2006)). Instead, to be procedurally reasonable, “[t]he district court must provide a clear explanation of why it has ... chosen the particular sentence imposed, regardless of whether it is within or outside of the Guidelines.” Bolds, 511 F.3d at 58,0.
In this case, the district court did even less than what we found insufficient in Bolds, and Cousins. The district court merely stated “the Court having considered the facts and circumstances of the offense, the background and history of the defendant, the factors stated in 18 U.S.C. Section 3553(a), it is the judgment of the Court ... that the defendant, Douglas Chastain, is ... to be imprisoned for a term of sixty-three months.” (R. 41 at 7.) The district court neither articulated which § 3553(a) factors it found relevant in sentencing Defendant, nor indicated with any particularity what elements of Defendant’s history were relevant to its sentencing determination. With no specific explanation of the district court’s sentencing decision, we cannot evaluate whether the district court’s imposition of a sixty-three month sentence on Defendant was “sufficient, but not greater than necessary, to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a).” Bolds, 511 F.3d at 578.
The majority finds two of the district court’s statements sufficient indications that the district court took Defendant’s circumstances and history into account to be spared reversal on plain error review. First, addressing the Defendant, the district court stated,
Mr. Chastain, one of the things that should be impressed upon you by this prosecution is that you cannot be around guns. You have a felony conviction, and that means that you and guns cannot be associated with each other. If there is a gun any place around, you need to make it your business to get out of there as quickly as you can.
(R. 41 at 6.) Second, the district court recommended that Defendant receive 500 hours of substance abuse treatment to address Chastain’s alcohol abuse. (Id. at 7.) Although the majority finds it noteworthy that the judge admonished Defendant not to have any contact with guns, such an admonishment would be routine in virtually every gun case and, by itself, fails to address the specific characteristics of the Defendant or the circumstances of his offense.
*795 “This Court’s opinion in Vonner shows that plain error review should be extremely deferential to the sentencing judge.” United States v. Wallace, 597 F.3d 794, 804 (6th Cir.2010) However, the Vonner “majority acknowledged that the crucial question is ‘whether the record makes clear that the sentencing judge ... was fully aware of the defendant’s circumstances and took them into account in sentencing him.’ ” Id. (quoting Vonner, 516 F.3d at 387). Vonner “emphasize[s] that the record must make clear that the sentencing judge considered the evidence and arguments” in sentencing Defendant. Id. at 805 (same).
It is true that in Vonner “the district judge was extremely brief in his analysis.” Id. The district court in Vonner thanked the defendant for his apology and “encouraged [defendant] to continue to cooperate with the government and to dedicate his prison time to learning certain life skills and lifestyles that will be of benefit ... when [defendant’s] period of incarceration is over.” Vonner, 516 F.3d at 384. However, only after specifically addressing defendant’s individual cooperation with the government did the Vonner district court sentence the defendant, stating that “it had considered the nature and circumstances of the offense, the history and characteristics of the defendant, and the advisory Guidelines range, as well as the other factors listed in 18 U.S.C. § 3553(a).” Id. at 386. The district court in Vonner thus, “did, albeit in a cursory manner, consider or show an understanding of all of the defendant’s arguments for leniency.” Wallace, 597 F.3d at 804.
In contrast to Vonner, however, the district court’s statements cited by the majority do not adequately articulate the district court’s reasoning “for imposing the particular sentence chosen.” Bolds, 511 F.3d at 581. We still “have no way of knowing how or to what extent [the § 3553(a) factors and Defendant’s history] influenced the district judge’s eventual sentence.” Wallace, 597 F.3d at 803. Thus the district court made an “obvious [and] clear” error, Vonner, 516 F.3d at 386, by failing to “adequately explain!] the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing.” Bolds, 511 F.3d at 580.
In order to prevail on plain error review, Defendant must also demonstrate that the district court’s obvious and clear error “affected [his] substantial rights,” and “affected the fairness, integrity, or public reputation of the judicial proceedings.” Vonner, 516 F.3d at 386.
We have held that “procedural errors that implicate[ ] a defendant’s right to meaningful appellate review ... generally implicate! ] a substantial right. The right at issue is the right to meaningful appellate review. That right is equally substantial for someone who is sentenced to either a guidelines sentence or an above-guidelines sentence.” Wallace, 597 F.3d at 806-07. The district court’s failure to adequately articulate its reasons for sentencing Defendant to sixty-three months imprisonment thus affected Defendant substantial rights, namely his right to meaningful appellate review.
Moreover, a district court’s failure to sufficiently articulate the reasons supporting its sentencing decision “also affects the fairness, integrity, or public reputation of judicial proceedings .... [as it] is important not only for the defendant, but also for the public to learn why the defendant received a particular sentence.” Id. at 807. The Supreme Court explained that “[c]onfidence in a judge’s use of reason underlies the public’s trust in the judicial institution. A public statement of those reasons helps provide the public with the assurance that creates that trust.” Rita v. United States, 551 U.S. 338, 356, 127 S.Ct. *796 2456, 168 L.Ed.2d 203 (2007). Therefore, the district court’s error also satisfies the final prong of plain error, that the error “affected the fairness, integrity, or public reputation of the judicial proceedings.” Vonner, 516 F.3d at 386.
The district judge’s failure to articulate the reasons supporting Defendant’s sentence prevented this Court’s meaningful review of Defendant’s sentence. This error affected Defendant’s substantial rights, as well as the public perception of the proceeding’s fairness. For these reasons, I would vacate Defendant’s sentence, and remand for resentencing.
Therefore, I respectfully dissent.