*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 07a0313p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

UNITED STATES OF AMERICA,

> *Plaintiff-Appellee,*

v.

DENNIS J. PRESTO,

> *Defendant-Appellant.*

No. 05-6888

>

---

Appeal from the United States District Court
for the Eastern District of Tennessee at Greeneville.
No. 05-00033—J. Ronnie Greer, District Judge.

Argued: May 16, 2007

Decided and Filed: August 14, 2007

Before: GIBBONS and McKEAGUE, Circuit Judges; BERTELSMAN, District Judge.[*]

---

## COUNSEL

**ARGUED:** Nikki C. Pierce, FEDERAL DEFENDER SERVICES, Greeneville, Tennessee, for Appellant. Robert M. Reeves, ASSISTANT UNITED STATES ATTORNEY, Greeneville, Tennessee, for Appellee. **ON BRIEF:** Nikki C. Pierce, FEDERAL DEFENDER SERVICES, Greeneville, Tennessee, for Appellant. Robert M. Reeves, ASSISTANT UNITED STATES ATTORNEY, Greeneville, Tennessee, for Appellee.

---

## OPINION

---

McKEAGUE, Circuit Judge. Defendant appeals the sentence of lifetime supervised release imposed for receipt and possession of child pornography transported in interstate commerce. For the reasons set forth below, we affirm.

## I. BACKGROUND

At the time of the offense at issue in this case, defendant had several prior felony convictions. In 1988, he was convicted in state court in Michigan of breaking and entering an occupied dwelling with intent to commit larceny. That same year, he was convicted of another

---

[*] The Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

felony, carrying a concealed weapon. In 1992, he was again convicted of carrying a concealed weapon, and was adjudicated a third-time habitual offender due to the two prior felony convictions. *See People v. Morales*, 618 N.W.2d 10, 12 (Mich. Ct. App. 2000).

On June 10, 2004, he consented to a search of his home and of his automobile in connection with an investigation by Tennessee police into allegations that defendant had statutorily raped a fifteen-year-old girl. In his car, police found a .22 revolver, a .410 gauge shotgun, and a semiautomatic .22 rifle. Defendant admitted that he possessed the weapons. In defendant's home, police searched a computer defendant rented and found on its hard drive 161 pornographic images of minors; twenty-eight of the images were of prepubescent children, and one of the children depicted was under five years old.

Defendant was charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), receiving child pornography transported in interstate commerce in violation of 18 U.S.C. § 2252A(a)(2)(A), and possession of child pornography transported in interstate commerce in violation of § 2252A(a)(5)(B). He entered into a plea agreement pursuant to which he pled guilty to the first two counts, the government moved to dismiss the third count, and the government agreed that it would be appropriate to sentence him within the lower half of the guidelines range, namely, 120 to 135 months. The agreement also provided that "[t]he Court may impose any lawful term of supervised release" and stated that regarding the receipt of child pornography charge, "defendant will be exposed by virtue of his guilty plea" to "supervised release for any term up to life." Plea Agreement at 1-2.

Defendant was sentenced to 120 months for the first count and 135 months for the second, to run concurrently, followed by a three-year period of supervised release for the first count and lifetime supervised release for the second count. He filed a timely appeal, challenging only the sentence of lifetime supervised release.

## II. REASONABLENESS

The district court sentenced defendant to lifetime supervised release pursuant to the Prosecutorial Remedies and Other Tools to end the Exploitation of Children Today Act of 2003, Pub. L. No. 108-21, 117 Stat. 650 (codified in scattered sections of the United States Code) ("PROTECT Act"). The PROTECT Act became effective in 2003, and provided, among other things, that "the authorized term of supervised release for any offense under [18 U.S.C. § 1201] involving a minor victim, and for any offense under . . . [18 U.S.C. §§ 1591, 2241, 2242, 2244(a)(1), 2244(a)(2), 2251, 2251A, 2252, 2252A, 2260, 2421, 2422, 2423, or 2425], is any term of years not less than 5, or life." 18 U.S.C. § 3583(k). Defendant's conviction for receipt of child pornography was pursuant to 18 U.S.C. § 2252A, and therefore qualifies him for lifetime supervised release. However, defendant contends that the sentence was unreasonable in his case.

On appeal, this Court examines a sentence to determine "'whether [the] sentence is unreasonable.'" *United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005) (quoting *United States v. Booker*, 543 U.S. 220, 262-63 (2005)). Reasonableness review is both substantive and procedural. *United States v. Caver*, 470 F.3d 220, 248 (6th Cir. 2006).

### A. Procedural Reasonableness

For an incarceration sentence, procedural reasonableness requires that the district court consider the factors in 18 U.S.C. § 3553(a), including the advisory guidelines range. *Webb*, 403 F.3d at 383. For sentences of supervised release, the sentencing court is required to "consider the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)." 18 U.S.C. § 3583(c). This court has held in unpublished decisions that as procedural reasonableness requires a court imposing a prison sentence to consider the § 3553(a) factors, so with

a supervised release sentence, the sentencing court must consider the factors provided in § 3583(c). *See, e.g.*, *United States v. Coffee*, 180 F. App'x 562, 565, 567 (6th Cir. 2006); *United States v. Lewis*, 166 F. App'x 193, 194, 196 (6th Cir. 2006). The Second Circuit, which has also had occasion to review a supervised release sentence post-*Booker*, has likewise held that procedural reasonableness requires consideration of the factors listed in § 3583(c). *United States v. Hayes*, 445 F.3d 536, 537 (2d Cir. 2006).

At the sentencing hearing, the district court first discussed the guidelines range and the plea agreement with both counsel. It then stated that it had "considered the nature and circumstances of the offense, the history and characteristics of the defendant, . . . the advisory guideline range that's applicable to this case, as well as those other factors listed in title 18, United States Code, section 3553(a), and . . . all the reasons I just stated." Sent. Tr. at 16. The "reasons just stated" referred to the court's foregoing discussion of the harmfulness of possession of child pornography in general and of defendant's conduct in particular, including his molestation of a fifteen-year-old girl, of whom he also took pornographic photographs. The court explained,

> There's one big difference between your case and cases that I ordinarily see of people who illegally possess or receive child pornography. In most of those cases it's impossible for the court to identify specifically who the victims of the crime are. . . . We don't know their names, we don't know where they live in most instances, but they're victims nonetheless; and that kind of sexual exploitation leaves scars on them that most of them never, never recover from.
>
> Not only do we have that here in this case, there is a victim in this case whose name is known . . . . [B]ecause of the real actual harm that was inflicted upon your minor victim in this case, in this community, I think that a sentence anywhere below the top of the agreed upon range would simply minimize the seriousness of this offense, would not provide . . . a reasonable deterrent to others who want to commit offenses such as these and would, in effect, would in fact foster a disrespect for the law.
>
> I've said this over and over since I've been on the bench, these are horrible offenses. They are offenses that should not and will not be tolerated in a civilized society; and while I accept at face value your statements of remorse and your acceptance of responsibility, there has to be a sentence imposed in this case that provides both specific and general deterrence; specific to you, to protect others from crimes that you may want to commit in the future, but also to protect the public at large from others who may want to commit these same offenses.

Sent. Tr. at 13-15. As part of the sentence, the district court also recommended "very strongly that [defendant] participate in a sex offender treatment program" while he was in prison and "recommend[ed] to the Bureau of Prisons" that he be housed in a location where a particular program was available if no equivalent program should be available elsewhere. Sent. Tr. at 16.

In *Coffee*, the district court apparently engaged in only one explanation of its consideration of the § 3553(a) factors, in which it stated the reasons for both the twelve-month incarceration sentence and the three-year supervised release sentence. 180 F. App'x at 564, 565-66. On appeal, the *Coffee* court held that "the district court properly articulated its reasoning in the proceedings below," and affirmed both the incarceration and the supervised release portions of the sentence. *Id.* at 567.

As in *Coffee*, the district court in this case engaged in a single consideration of the sentencing factors, which embraced both the incarceration sentence and the supervised release term. Its

consideration was thorough; the court named, and discussed the effect on its sentencing decision of, almost all the sentencing factors in § 3553(a), and thus almost all of the factors specified for consideration in § 3583(c).[1]  Specifically, the sentence took into account the nature of the offense conduct; the need to deter future offenses by defendant in particular and the public in general; defendant's need for "correctional treatment"; and the applicable guidelines and policy statements. *See* 18 U.S.C. §§ 3553(a), 3583(c).

Procedural reasonableness requires that the court consider the factors "relevant" to its sentencing decision, and make the basis of its decision sufficiently clear on the record to permit "'reasonable appellate review.'"  *Coffee*, 180 F. App'x at 567; *United States v. Williams*, 436 F.3d 706, 709 (6th Cir. 2006) (quoting *United States v. Kirby*, 418 F.3d 621, 626 (6th Cir. 2005)).  It need not engage in a "ritual incantation" of all the § 3553(a) factors.  *Williams*, 436 F.3d at 708-09 (quoting *United States v. Johnson*, 403 F.3d 813, 816 (6th Cir. 2005)).  The district court complied with the requirements of procedural reasonableness in this case.

### B. Substantive Reasonableness

"A sentence is substantively unreasonable if the district court 'selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors or gives an unreasonable amount of weight to any pertinent factor.'"  *United States v. Husein*, 478 F.3d 318, 332 (6th Cir. 2007) (quoting *Caver*, 470 F.3d at 248.[2]

Defendant does not contend that the district court "select[ed] his sentence arbitrarily," "base[d] the sentence on impermissible factors," or gave "an unreasonable amount of weight to any pertinent factor."  *Id.* at 332 (quoting *Caver*, 470 F.3d at 248).  However, he essentially claims that the district court "fail[ed] to consider pertinent § 3553(a) factors" in his assertion that the "imposition of lifetime supervision in all cases . . . results in a disparity in sentencing between offenders if all child pornographers receive the same supervised release term of life.  There would be no incremental increase for more serious offenses of conviction."  Appellant's Brief at 21.  "[T]he need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct" is one of the factors to be considered at sentencing.  18 U.S.C. § 3553(a)(6).

Contrary to defendant's assertion, however, the district court did not mechanically sentence him to lifetime supervised release.  Instead, as stated above, the court noted that his offense *was* a more serious offense than that of other defendants convicted of receipt of child pornography.  Defendant had not only possessed pictures of minors being sexually abused, but had himself molested a child.  Defendant's conduct thus was not similar to that of other offenders convicted under the same statute, a fact the court considered at some length on the record.  The district court therefore gave individualized consideration to what sentence would be appropriate in defendant's particular case, and did not create the likelihood of an unwarranted sentencing disparity among defendants who had been convicted of receiving child pornography.

Defendant's contention that the sentence is disproportionate to the gravity of the offense is likewise without merit.  He significantly underestimates the seriousness of his offense.  As the Supreme Court has recognized,

---

[1] The only factors to be considered for custodial sentences but not supervised release sentences are "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," and "the kinds of sentences available."  18 U.S.C. §§ 3583(c); 3553(a)(2)(A), (a)(3).

[2] There do not appear to be any cases specifically applying the Sixth Circuit's "substantive reasonableness" review to supervised release sentences.

> The distribution of photographs and films depicting sexual activity by juveniles is intrinsically related to the sexual abuse of children in at least two ways. First, the materials produced are a permanent record of the children's participation and the harm to the child is exacerbated by their circulation. Second, the distribution network for child pornography must be closed if the production of material which requires the sexual exploitation of children is to be effectively controlled.

*New York v. Ferber*, 458 U.S. 747, 759 (1982) (footnote omitted). The Court cited authorities explaining that pornography "poses an even greater threat to the child victim than does sexual abuse or prostitution," and "[t]he victim's knowledge of publication of the visual material increases the emotional and psychic harm suffered by the child." *Id.* at 759 n.10 (quoting Shouvlin, Preventing the Sexual Exploitation of Children: A Model Act, 17 *Wake Forest L. Rev.* 535, 545 (1981); Note, Protection of Children from Use in Pornography: Toward Constitutional and Enforceable Legislation, 12 *U. Mich. J.L. Reform* 295, 301 (1979)).

Defendant's argument is in essence that because, at most, his conduct contributed to the incentive for pornographers to molest 161 children, twenty-eight of whom were prepubescent, and his conduct contributed to the fact that merely 161 children "must go through life knowing that the recording is circulating within the mass distribution system for child pornography," it was unreasonable for the court to place him under the supervision of a probation officer for the remainder of his life. *Ferber*, 458 U.S. at 759 n.10 (quoting Shouvlin, 17 *Wake Forest L. Rev.* at 545). Only had he engaged in such conduct with regard to multiple hundreds or thousands of children would his sentence be reasonable. This argument is contrary to the finding of Congress that "[t]he Government has a compelling state interest in protecting children from those who sexually exploit them, including both child molesters and child pornographers," PROTECT Act § 501, 117 Stat. 650, 676, and incompatible with a basic sense of human decency.

Defendant also argues that his sentence is unreasonable because it would result in significant financial cost to the government, and because "the limitless period of mandatory participat[ion] in a sex offender treatment [program] with polygraph and plethysmograph testing will result in substantial costs to [defendant] for the remainder of his life." Appellant's Brief at 23. He provides no legal support for the idea that a sentence is unreasonable if it would result in significant cost to a defendant or the government, and the cost of supervision and testing is not a factor the district court is required to consider under § 3553(a). Thus, the cost of compliance does not render defendant's sentence unreasonable.

### III. NOTICE

Defendant also contends that his supervised release sentence should be reversed because the district court did not provide adequate notice of its intent to exceed the supervised release guideline range. In this case, the sentence entailed a variance, rather than a departure. "When used precisely, the term 'variance' refers to departures based on § 3553(a) factors rather than departures under § 5, Part K, of the guidelines." *United States v. Smith*, 474 F.3d 888, 896 n.3 (6th Cir. 2007). Here, the district court adopted the sentencing guidelines calculations in the presentence report (the "PSR"), which did not include any § 5K departures. Instead, the district court arrived at the lifetime supervised release factors based on its consideration of the factors in § 3553(a), as discussed above. Thus, the lifetime supervised release sentence in this case is a variance.[3]

---

[3] The government's argument that lifetime supervised release was actually within the Guidelines range and thus not a variance is incorrect with regard to the 2003 Guidelines, which were used at defendant's sentencing. Under the 2003 Guidelines, the range of supervised release for a violation of § 2252A, which is a Class C felony, was "at least two years but not more than three years." U.S.S.G. § 5D1.2(a)(2); 18 U.S.C. §§ 2252A(b)(1), 3559(a)(3). The relevant Guidelines also provided, "Except as otherwise provided, the term of supervised release imposed shall not be less than

Under Federal Rule of Criminal Procedure 32(h),

> Before the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure. The notice must specify any ground on which the court is contemplating a departure.

The Sixth Circuit has held that Rule 32(h) is still applicable following the decision in *Booker*, and that the rule "applies equally to Chapter 5 departures [under the Guidelines] and § 3553(a) variances." *United States v. Cousins*, 469 F.3d 572, 580 (6th Cir. 2006). The *Cousins* court explained,

> We find persuasive the reasoning of the circuits that continue to apply Rule 32(h) to all sentences that deviate from the Guidelines. While it is true that, after *Booker*, parties may be assumed to know that a district court may impose a variance on the basis of a factor not identified in the PSR or in a party's submission, the same was true of departures before *Booker*. Chapter 5 of the Guidelines, like § 3553(a), specifically identifies various factors that a court should take into consideration when deciding whether or not to grant a departure. . . . We cannot discern any distinction between the departure criteria and the § 3553(a) factors, in terms of the notice that they provide to parties preparing for sentencing.

469 F.3d at 580. The Sixth Circuit[4] has not decided the question of whether the Rule 32(h) notice requirement is applicable to sentences of supervised release. However, the court need not reach that question today, because assuming that Rule 32(h) is applicable, the district court complied with it.

If a defendant fails to raise before the district court the issue of failure to give advance notice of a *sua sponte* variance, this court reviews for plain error. *Cousins*, 469 F.3d at 580. Plain error is "(1) an error that (2) is plain, (3) affects substantial rights, and (4) 'seriously affects the fairness, integrity or public reputation of judicial proceedings.'" *Id.* (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993)). The Sixth Circuit held in *United States v. Meeker*, 411 F.3d 736, 744 (6th Cir. 2005), that "[a] sentencing court that fails to provide reasonable notice of its intention to depart from the Guidelines range . . . commits plain error." *See also Cousins*, 469 F.3d at 580 (applying this rule to a § 3553(a) variance).

Defendant argues here that the district court violated the requirement of Rule 32(h) that it "give the parties reasonable notice that it is contemplating . . . a departure." In *United States v.*

---

any statutorily required term of supervised release." U.S.S.G. § 5D1.2(b). Lifetime supervised release is not statutorily required for sexual offenses against children, but merely permitted. 18 U.S.C. § 3583(k) ("[T]he authorized term of supervised release . . . is any term of years not less than 5, or life."). The Sentencing Commission does appear to have modified the current edition of the Guidelines to include lifetime supervised release for offenses such as defendant's. *See* U.S.S.G. § 5D1.2(b)(2) (2006).

[4]Of the other circuits that have addressed this question, the First, Second, and Seventh have held that Rule 32(h) is applicable to increases or decreases in the duration of supervised release, and the Ninth has held that it is not. *See United States v. Cortes-Claudio*, 312 F.3d 17, 18-19 (1st Cir. 2002); *United States v. Stevens*, 66 F.3d 431, 438 (2d Cir. 1995); *United States v. Amaechi*, 991 F.2d 374, 379 (7th Cir. 1993). *But see United States v. Leonard*, 483 F.3d 635, No. 06-30127, 2007 U.S. App. LEXIS 8818, at *8-9 (9th Cir. 2007).

*Matheny*, 450 F.3d 633, 638 (6th Cir. 2006), the sentencing court departed[5] upward based on the fact that the criminal history category did not accurately reflect the magnitude of the defendant's history, a ground set forth in U.S.S.G. § 4A1.3. This ground appeared in the PSR under the heading, "FACTORS THAT MAY WARRANT DEPARTURE." *Id.* This court therefore affirmed the sentence, because "the PSR gave [the defendant] notice that a departure was possible, by identifying specific grounds for departure, even if the PSR did not recommend an upward departure." *Id.* at 639.

The ground for the variance in this case was that defendant was convicted of a sexual offense against minors under § 2252A; therefore, he was eligible for lifetime supervised release pursuant to § 3583(k). The plea agreement, which defendant signed, states that he is pleading guilty to an offense under § 2252A. The plea agreement also clearly states the effect of that ground for a variance. It provides that "a violation of § 2252A(a)(2)(A)" exposes defendant to "supervised release for any term up to life." Plea Agreement at 2. The PSR states that "the Court may impose a term of supervised release up to life" for the § 2252A violation, and explains in some detail defendant's molestation of a fifteen-year-old. PSR at 80. Thus, as in *Matheny*, the PSR and both parties' "prehearing submission" both "identified" the ground for the upward variance, and gave the parties reasonable notice that the district court might depart.

Moreover, in this case, defendant conceded at the sentencing hearing that he had actual notice of the possibility that the court would vary upward. His attorney stated, "As far as the life supervision, your Honor, I know that you have that option, you have that discretion. Mr. Presto knows that you have that discretion, and he asks that you not impose life supervision . . . ." Sent. Tr. at 10. Defendant's argument that he did not receive the required notice of the district court's possible variance is therefore without merit.

## IV. CONCLUSION

For these reasons, the defendant's sentence is **AFFIRMED**.

---

[5]As noted above, the Sixth Circuit has held that the notice requirement of Rule 32(h) applies to § 3553(a) variances as well as Guideline departures. Thus, the holding in *Matheny*, which addressed a post-*Booker* Guideline departure, logically applies to the variance in this case as well.