IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 19, 2008

Charles R. Fulbruge III
Clerk

No. 07-51385
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

KELLY ALLEN JONES, SR

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:07-CR-1616-ALL

Before GARZA, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Kelly Allen Jones, Sr., pleaded guilty to attempting to coerce and entice a minor to engage in sexual activity and was sentenced to 10 years of imprisonment and 10 years of supervised release. Jones argues that the 10-year supervised release term is unreasonable. He argues that this "extraordinarily long" term exceeds that required to effectuate Congress's sentencing goals stated in 18 U.S.C. § 3553(a). He contends that his steady employment history, his personal characteristics, his limited criminal history, and the circumstances

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

surrounding his offense all show that a 10-year term of supervised release is greater than necessary to meet the sentencing goals, making his term of supervised release unreasonable.  He notes that he had no prior history of engaging in such behavior and that no pornographic materials were found among his possessions or on his computer.  He contends that this offense is an anomaly and not one he is likely to engage in again.

Because Jones did not object to his term of supervised release in the district court, we review for plain error.  See United States v. Peltier, 505 F.3d 389, 391-92 (5th Cir. 2007) (plain error review applied to unraised issues concerning the reasonableness of a sentence), cert. denied, 128 S. Ct. 2959 (2008); see also United States v. Allison, 447 F.3d 402, 405 (5th Cir. 2006) (plain error applied because defendant first objected to term of supervised release on appeal).  Plain error review "requires considerable deference to the district court and erects a more substantial hurdle to reversal of a sentence than does the reasonableness standard."  Peltier, 505 F.3d at 391.

Statutorily, the authorized term of supervised release was a minimum of five years and a maximum of life.  See 18 U.S.C. § 3583(k).  The Sentencing Guidelines provide for a term of supervised release of five years to life for this sex offense.  U.S.S.G. § 5D1.2(b)(2) and (c).  The policy statement contained in § 5D1.2(b) recommends the statutory maximum term of supervised release for a sex offense, which in this case is life.  § 5D1.2, p.s.; Allison, 447 F.3d at 405.

In Allison, we held that a term of supervised release for life was reasonable for a defendant convicted of production and possession of child pornography offenses.  447 F.3d at 405-07.  We noted that Congress and the Sentencing Commission "intended to impose life terms of supervised release on sex offenders" due to the "high rate of recidivism in convicted sex offenders, especially child sex offenders."  Id. at 405-06.  In United States v. Armendariz, 451 F.3d 352, 358-62 (5th Cir. 2006), we vacated the district court's sentence which did not include a term of supervised release for a defendant convicted of

2

an offense under 18 U.S.C. § 2422(b), the same offense for which Jones was convicted. We held that the district court's failure to impose a term of supervised release was unreasonable because it failed to account for the Guidelines or to account for the statutory factors of the need to deter criminal conduct, to protect the public, and to provide correctional treatment to the offender. Id. at 359-61.

Jones's arguments concerning his employment history, his personal characteristics, and his limited criminal history do not address the reasons why Congress and the Sentencing Commission have recommended supervised release for life for child sex offenders, namely recidivism and the need for treatment of sexual disorders. See Armendariz, 451 F.3d at 361; Allison, 447 F.3d at 405-07. It was not plain error for the district court to impose a term of supervised release of 10 years. See Allison, 447 F.3d at 405-07 (term of supervised release for life reasonable); see also United States v. Presto, 498 F.3d 415, 420-21 (6th Cir. 2007) (term of supervised release for life reasonable for defendant convicted of receiving child pornography), cert. denied, 128 S. Ct. 2958 (2008).

AFFIRMED.