NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0266n.06

No. 09-3554

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
**Apr 26, 2011**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| JOHN BAILEY, | ) | THE NORTHERN DISTRICT OF |
| | ) | OHIO |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

Before: SUTTON and KETHLEDGE, Circuit Judges; HOOD, District Judge.[*]

KETHLEDGE, Circuit Judge. John Bailey pled guilty to one count of knowing receipt of

child pornography, in violation of 18 U.S.C. § 2252(a)(2); one count of knowing receipt of child

pornography, in violation of 18 U.S.C. § 2252A(a)(2); and one count of knowing possession of child

pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). He faced a Guidelines range of 168–210

months' imprisonment. The district court sentenced him to 168 months. Bailey now argues his

sentence is unreasonable. We disagree, and affirm.

I.

Immigration and Customs Enforcement agents searched Bailey's home pursuant to a search

warrant. They found 10 child-pornography images in his computer's "Documents and Settings"

---

[*]The Honorable Joseph M. Hood, Senior United States District Judge for the Eastern District
of Kentucky, sitting by designation.

folder, another 90 such images in unallocated space, and 110 such images in file folders entitled "RECYCLER" and "Lost Files." These images depicted prepubescent and pubescent minors engaged in graphic sexual activity with adult males, among other acts.

Bailey thereafter objected to various enhancements used in determining his Guidelines range. At the sentencing hearing, the district court asked Bailey's counsel whether he preferred to go through the objections individually or wanted to focus on any particular objections. The exchange then directed to other subjects. Later in the hearing, the court overruled each of Bailey's objections "on the basis of the thorough analysis done by . . . the Probation Officer." After announcing the sentence, the court asked counsel for both parties whether they had any objections that they had not previously raised. Each lawyer said no.

This appeal followed.

II.

We review sentences for reasonableness, under an abuse-of-discretion standard. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

Bailey argues that his sentence is procedurally unreasonable because, he says, the district court erroneously calculated his Guidelines range by applying U.S.S.G. § 2G2.2(b)(7)(B) (2008). "That enhancement is appropriate if the district court [found] by a preponderance of the evidence" that Bailey's offense involved between 150 to 299 images. *United States v. Rogers*, 594 F.3d 517, 521–22 (6th Cir. 2010). We review for clear error any factual findings underlying the enhancement's application. *Id.* at 522.

Bailey argues that he did not knowingly possess or receive the images found in his computer's unallocated space, and that those images thus should not be counted for purposes of § 2G2.2(b)(7)(B). "Unallocated space is space on a hard drive that contains deleted data, usually emptied from the operating system's trash or recycle bin folder, that cannot be seen or accessed by the user without the use of forensic software." *United States v. Flyer*, 633 F.3d 911, 918 (9th Cir. 2011).

As Bailey recognized at oral argument, there are innocent explanations and guilty explanations for these images' presence in his computer's unallocated space. An innocent explanation would be if Bailey had unintentionally accessed a child-pornography website and thereafter deleted data associated with those images that popped onto his screen. There is no evidence to support that explanation.

Instead, there is ample evidence supporting the guilty explanation—that is, that Bailey knowingly received these images and later deleted them, thus explaining why they were found in unallocated space. The relevant evidence comes in the form of his statement—a confession, really—to the investigating agent who interviewed him after his arrest. Bailey told the agent that he had been viewing child pornography for more than four years, that he traded child-pornography images over the Internet, that "he thought a couple hundred images were saved on his computer," and that he had deleted some "hardcore" images. These factual findings, originally stated in Bailey's presentence report and later adopted by the district court, are themselves not clearly erroneous. And they provide ample support for the district court's finding that Bailey knowingly received these 90

images found in his computer's unallocated space during the eleven-month period described in the indictment.

Bailey also argues that the district court treated the Guidelines as mandatory. During the sentencing hearing, however, the court confirmed that the Guidelines range was only one factor to consider along with the § 3553(a) factors. The argument is meritless.

That leaves Bailey's substantive-reasonableness challenge. Bailey received a within-Guidelines sentence—in fact, he received a sentence at the bottom of the Guidelines range—so we presume that his sentence is reasonable. *See, e.g.*, *United States v. Lapsins*, 570 F.3d 758, 774 (6th Cir. 2009).

Bailey first tries to rebut that presumption by arguing that the district court did not consider the nature and circumstances of his crime. In fact, the court clearly emphasized the heinous nature of child pornography in sentencing him. Second, Bailey says the court did not consider his lack of criminal history prior to this indictment. In fact, the court expressly recognized Bailey's lack of criminal history, noting that it was par for the course in these cases. Third, he says the court should have assigned greater weight to his bipolar disorder. The sentencing transcript shows that the court gave due consideration to this issue. Fourth, Bailey says the court should have considered the costs associated with imprisoning him for such a long period. That argument is contrary to precedent. *See United States v. Presto*, 498 F.3d 415, 421 (6th Cir. 2007). Fifth, Bailey asserts that the court did not meaningfully consider whether the imposed sentence would avoid unwarranted sentence disparities. Suffice it to say that this argument is meritless. *See generally Lapsins*, 570 F.3d at 774. Finally, Bailey argues that his sentence is substantively unreasonable because the guideline on which

it is based is empirically flawed. That argument too is contrary to precedent. *See United States v. Hall*, 632 F.3d 331, 338 (6th Cir. 2011).

Bailey's sentence is reasonable in all respects. The district court's judgment is affirmed.