13-3612-cr
United States v. Oswald

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20ᵗʰ day of August, two thousand fourteen.

PRESENT: JOHN M. WALKER, JR.,
DENNIS JACOBS,
RICHARD C. WESLEY,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,
        Appellee,

        -v.-                                          13-3612-cr

DAVID P. OSWALD, III, AKA BOBBY LEE
JOHNSON, AKA BOBBY LEE TRIPLETT, AKA
BOBBY TRIPLETT,
        Defendant-Appellant.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:              BARCLAY T. JOHNSON, for Michael
                           L. Desautels, Federal Public
                           Defender for the District of
                           Vermont, Burlington, Vermont.

1

**FOR APPELLEES:**     WILLIAM B. DARROW (Gregory L. Waples, on the brief), for Tristram J. Coffin, United States Attorney for the District of Vermont, Burlington, Vermont.

Appeal from a judgment of the United States District Court for the District of Vermont (Reiss, C.J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

David Oswald appeals from the judgment of the United States District Court for the District of Vermont (Reiss, C.J.), convicting him of failure to register as a sex offender, health care fraud, possession of a firearm, and possession of child pornography, in violation of 18 U.S.C. §§ 922(g)(1), 1347, 2250(a), and 2252(a)(4)(B). Oswald challenges the portion of the judgment that orders him to undergo lifetime supervised release after completing a period of incarceration. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review sentences for reasonableness, United States v. Cossey, 632 F.3d 82, 86 (2d Cir. 2011) (per curiam), which "amounts to review for abuse of discretion," see United States v. Cavera, 550 F.3d 180, 187 (2d Cir. 2008) (en banc). However, "where a defendant does not object to a district court's alleged failure to properly consider all of the § 3553(a) factors, our review on appeal is restricted to plain error." United States v. Wagner-Dano, 679 F.3d 83, 89 (2d Cir. 2012). Our review applies to both "'the sentence itself' and to 'the procedures employed in arriving at the sentence.'" United States v. Verkhoglyad, 516 F.3d 122, 127 (2d Cir. 2008) (quoting United States v. Fernandez, 443 F.3d 19, 26 (2d Cir. 2006)). "The procedural inquiry focuses primarily on the sentencing court's compliance with its statutory obligation to consider the factors detailed in 18 U.S.C. § 3553(a), while the substantive inquiry assesses the length of the sentence imposed in light of the § 3553(a) factors." Id. (internal citations, brackets, and quotation marks omitted).

## 1.  Procedural Reasonableness

Oswald contends that when a district court imposes a term of supervised release, it must again analyze the § 3553(a) factors, and do so on a basis independent from its analysis supporting a sentence of incarceration.  We disagree.  "[W]e do not require robotic incantations that the district court has considered each of the § 3553(a) factors," Cavera, 550 F.3d at 193, and a district court may "engage[] in a single consideration of the sentencing factors, which embrace[s] both the incarceration sentence and the supervised release term," United States v. Presto, 498 F.3d 415, 419 (6th Cir. 2007).

Oswald also argues that the district court failed to adequately explain the reasons for a lifetime term of supervised release.  While "we presume 'that a sentencing judge has faithfully discharged her duty to consider the statutory factors,'" Verkhoglyad, 516 F.3d at 129 (quoting Fernandez, 443 F.3d at 30), the district court here provided an adequate explanation for imposing the lifetime term based on the § 3553(a) factors.  In particular, the district court focused on the nature of the crimes committed by Oswald, the risk of recidivism, the risk to the public, and Oswald's need for mental health treatment.  See Sentencing Hrg. Tr., J.A. at 50-53.  The record reflects that the stated reasons informed both components of Oswald's sentence.

## 2.  Substantive Reasonableness

For the same reasons articulated by the district court at its sentencing hearing and in its statement of reasons, we conclude that Oswald's lifetime term of supervised release is substantively reasonable given the risk he has been found to pose to the public.  Under the circumstances, we cannot say the district court's sentence is so exceptional as to fall outside "the range of permissible decisions." Cavera, 550 F.3d at 189 (quoting United States v. Rigas, 490 F.3d 208, 238 (2d Cir. 2007)).

For the foregoing reasons, and finding no merit in Oswald's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK