NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0009n.06

No. 21-5763

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Jan 05, 2023
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff-Appellee, | ) |
| | ) |
| | ) |
| v. | ) |
| | ) |
| JAMES FRANKLIN PUCKETT, | ) |
| Defendant-Appellant. | ) |
| | ) |

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE

OPINION

Before: BATCHELDER, GRIFFIN, and KETHLEDGE, Circuit Judges.

**ALICE M. BATCHELDER**, **Circuit Judge.** Defendant-Appellant James Franklin Puckett pleaded guilty to failing to register as a sex offender. Puckett appeals the district court's sentence of 35 years of supervised release. For the following reasons, we **AFFIRM**.

I.      **Background and Procedural History**

   **A. Background**

On May 17, 2004, at the age of 18, Puckett was sentenced in Tennessee state court for attempted rape of a 12-year-old. The conviction classified him as a sex offender under 34 U.S.C. § 20911, which requires him to register under the Sex Offender Registration and Notification Act ("SORNA"). Puckett was also sentenced to community supervision for life. During community supervision, Puckett committed at least 19 more offenses, including three assaults, a theft, resisting and evading arrest, and endangering others.

While still under community supervision in Tennessee, on September 25, 2019, Puckett cut off his ankle monitor and fled. Tennessee issued a warrant for his arrest for violating his community supervision. Two days later he was charged in Georgia with giving false information to a police officer and released from jail on bond. Puckett eventually ended up in Texas, where he did not register under SORNA. The U.S. Marshals arrested Puckett in Texas on November 24, 2020, on the outstanding Tennessee warrant and on an outstanding Florida warrant from August 2020 for kidnapping, domestic assault by strangulation, and burglary.[1]

## B. Procedural History

On May 11, 2021, Puckett pleaded guilty to a single-count indictment for failure to register as a sex offender in violation of 18 U.S.C. § 2250(a). The presentence investigation report recommended 33-41 months' imprisonment and 5 years of supervised release. The statutory term of supervised release is five years to life, but the Guidelines provide for five years.[2] The district court varied upward and sentenced Puckett to 53 months' imprisonment consecutive to several pending state court cases and 35 years of supervised release. The court varied upward for several reasons, including: Puckett's cutting off his ankle bracelet and evading community supervision for 14 months; his additional crimes during those 14 months; his history of supervised release violations; his 115 disciplinary infractions during his prior incarceration; and his prior assaults and gang involvement.

---

[1] Puckett's Florida charges have since been reduced to false imprisonment and burglary and are still pending.

[2] In its recitation of the facts, the government states that the court misstated the Guidelines range for supervised release as "at least 5 years ... up to life." By statute, for convictions under § 2250, the court must order "any term of years not less than 5, or life." 18 U.S.C. § 3583(k). The Sentencing Guidelines recommend five years. Therefore, in its statement of reasons and at the sentencing hearing, the court did mistakenly state the statutory term rather than the Guidelines range, but because Puckett did not raise this issue on appeal, we decline to address it further.

The court explained that the variance was meant to promote respect for the law, provide just punishment, deter future criminal activity, and protect the public. The court also explained that it was imposing 35 years of supervised release for the same reasons it varied upward in the sentence and, specifically, that "an extended period of supervision is necessary to protect the community." At the end of the hearing, when Puckett's counsel objected to the 35 years of supervised release because the state's lifetime supervision sentence suffices, the court responded that the 35-year term was not greater than necessary because of Puckett's "history and behavior and his persistent violation of the law every time he gets out." This timely appeal followed.

## II.      Legal Standard

The court reviews a "district court's sentencing determination under a deferential abuse-of-discretion standard for reasonableness." *United States v. Solano-Rosales*, 781 F.3d 345, 351 (6th Cir. 2015) (quotation marks omitted). When the defendant "raises a particular argument" for a lower sentence, "the record must reflect both that the district judge considered the defendant's argument and that the judge explained the basis for rejecting it." *Id.* at 352 (quotation marks omitted). The district court must articulate its reasoning "sufficiently to permit reasonable appellate review." *United States v. Richardson*, 437 F.3d 550, 554 (6th Cir. 2006).

Title 18 section 3583 governs the imposition of supervised release. When determining the length and conditions of supervised release, § 3583(c) requires that the court consider the enumerated factors in 18 U.S.C. § 3553(a), except for (a)(2)(A) and (a)(3).[3] *Solano-Rosales*, 781 F.3d at 352; *United States v. Presto*, 498 F.3d 415, 418 (6th Cir. 2007). The § 3553(a) and § 3583(c) factors require the court to consider "the nature of the offense and the history and

---

[3] 18 U.S.C. § 3553(a)(2)(A) requires the sentencing court to consider "(2) the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." Subsection (a)(3) requires the court to consider the "kinds of sentences available."

characteristics of the defendant, the need for deterrence, the need to protect the public, and pertinent guidelines provisions and policy statements issued by the Sentencing Commission." *Solano-Rosales*, 781 F.3d at 352; 18 U.S.C. §§ 3553(a)(1), (a)(2)(B)-(D); *Presto*, 498 F.3d at 419.

## III. Discussion

On appeal, Puckett argues that his term of supervised release is procedurally and substantively unreasonable. We do not agree.

### A. Procedural reasonableness

Puckett argues that the district court's sentence of 35 years of supervised release is procedurally unreasonable because the court did not adequately explain the sentence. When imposing supervised release, the district court must give an "adequate explanation . . . to the same extent that it applies to a determination regarding the length of a custodial term." *Solano-Rosales*, 781 F.3d at 352. "An explanation is typically adequate if it addresses the factors from 18 U.S.C. § 3553(a) that are relevant to the district court's sentencing decision." *Id.* at 351. The court may consider the relevant sentencing factors for both incarceration and supervised release simultaneously, but the "discussion should embrace both the incarceration sentence and the supervised release term." *Id.* at 352 (quotation marks and brackets omitted). The district court cannot simply list the § 3553(a) factors and characteristics of the defendant without explaining "how the factors affect the sentence imposed." *Id.* at 351-52.

Because the district court adequately explained the reasons for Puckett's term of incarceration and term of supervised release simultaneously, it did not commit procedural error. The court did more than list the factors in §§ 3583(c) and 3553(a). Instead, the court walked through each of the factors and discussed how they were relevant to Puckett's sentence.

Regarding the nature of the offense, the court explained that failure to register under SORNA is "a serious offense" because the government and the community have a right to know who sex offenders are and where they live. The court then discussed how Puckett's history and characteristics create a substantial need to deter him from further criminal conduct and, most importantly, to protect the public. The court explained that it had "never seen an individual who had a total of 115 separate incidences in which they had received some form of discipline or write-ups by violating the rules of the [Tennessee Department of Corrections]." The court also relied on Puckett's "very concerning violent past," which includes membership in a "very significantly violent gang" and several unprovoked assaults on other inmates, pointing out that Puckett has "almost double [the criminal history points] needed to be characterized as one of the worst of the worst" that the court had ever seen. The court concluded that Puckett "just simply doesn't have any regard for authority" or respect for the law because "over and over and over again" he does not "do what anybody tells [him] to do."

At the conclusion of its analysis of the § 3553(a) factors, the court stated that "an extended period of supervision is necessary to protect the public." The court further explained to Puckett that:

> [Y]our whole life has been just doing what you want to do and with no respect for … other human beings, no respect for the law, no respect for the community in which you're living, and … I've got to deter you in the future from engaging in this kind of conduct. And as a consequence, not only am I going to upward vary 12 months, I'm going to put you on an extended period of supervised release to make sure that you continue to follow the law so that the community can be protected.

Although the court did not specifically announce a separate explanation for the 35 years of supervised release, its simultaneous explanations sufficed. The court clearly explained its decision, discussing Puckett's criminal history and characteristics, the need for deterrence, and

protecting the public. The court stated that both the sentence and the term of supervised release were based on these factors. The district court did not fail to adequately explain Puckett's sentence.

Puckett's other arguments for procedural unreasonableness fail as well. His argument that a sentence seven times the Guidelines recommendation is necessarily unreasonable fails because no mathematical formula makes a sentence procedurally reasonable or unreasonable. *Gall v. United States*, 552 U.S. 38, 47 (2007); *United States v. Boucher*, 937 F.3d 702, 707 (6th Cir. 2019); *United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2007). As long as the district court conducts an "individualized assessment" of the facts and explains the sentence, the sentence is procedurally reasonable. *Gall*, 552 U.S. at 49-50. Finally, Puckett's argument that the court should have considered his prior state sentence when determining his federal sentence fails. A district court is not required to explain, or consider, why a federal sentence is necessary in light of a separate state sentence. Indeed, "[c]omparisons to state sentences enhance, rather than diminish, disparities among similarly situated federal defendants because state courts may sentence defendants according to their own criteria without reference to the Guidelines. By considering state court sentences, a district court actually is re-injecting the locality disparity that the Sentencing Reform Act of 1984 ('SRA') was designed to guard against." *United States v. Bass*, 17 F.4th 629, 636-37 (6th Cir. 2021) (internal citations and quotation marks omitted).

We find no merit to Puckett's claim that his sentence of 35 years of supervised release is procedurally unreasonable.

### B. Substantive reasonableness

Puckett also argues that his supervised release term is substantively unreasonable because it is longer than necessary to achieve the goals of supervision. *Boucher*, 937 F.3d at 707. He argues that the goal of supervised release is rehabilitation, not punishment, and that his 35-year

term effectively functions as a punishment. He also argues that his sentence is "much longer than necessary to meet the goals of supervision" because federal incarceration resources are better than Tennessee's, so the help he receives during incarceration weighs against a long supervision period. Finally, he argues that his above-Guidelines prison term, lifetime supervision in Tennessee, and a Guidelines term of 5 years of supervised release would achieve the goals of 18 U.S.C. § 3583(c), so 35 years is unnecessary, especially when the court could extend the supervised release period in the future.

"A sentence is substantively reasonable if it is proportionate to the seriousness of the circumstances of the offense and offender, and sufficient but not greater than necessary, to comply with the purposes of § 3553(a)." *Solano-Rosales*, 781 F.3d at 356 (quotation marks omitted). In contrast, a sentence is substantively unreasonable when the court "selects the sentence arbitrarily, bas[es] the sentence on impermissible factors, fail[s] to consider pertinent § 3553(a) factors, or giv[es] an unreasonable amount of weight to any pertinent factor." *Id.* (quotation marks omitted) (alterations in original); *United States v. Robinson*, 892 F.3d 209, 213 (6th Cir. 2018). Major departures from the Guidelines "should be supported by a more significant justification than a minor one." *Solano-Rosales*, 781 F.3d at 356 (citing *Gall*, 552 U.S. at 50).

The district court provided significant justification for its major departure from the Guidelines recommendation of 5 years of supervised release. As detailed above, the court gave a thorough explanation of Puckett's offense, criminal history, and the need to deter him from future crime, to promote respect for the law, and to protect the public. The court did not select the sentence arbitrarily but gave a reasonable amount of weight to each of the pertinent § 3553(a) factors. As the court explained when Puckett's attorney objected at sentencing to the term of supervised release, "[f]or the reasons I've stated before, I believe . . . given his history and behavior

-7-

and his persistent violation of the law every time he gets out, [that] a term of 35 years is, is sufficient, and it's not greater than necessary." We agree.

Puckett's other arguments that his sentence is substantively unreasonable are unpersuasive. When explaining the sentence, the court expressed hope that Puckett would take advantage of the resources available to him to turn his life around. This shows that the court did not intend to punish him with the 35-year term of supervised release but, instead, hoped it would rehabilitate him, which is the goal of supervised release. While Puckett may have access to better resources while in federal prison, it does not mean they will help him, especially considering his history. If Puckett succeeds, the court can reduce the term later. Puckett's argument that the term should be lower because the court can increase the supervised release term in the future is simply a disagreement with what the court, in the exercise of its discretion, thought was best in this circumstance.

Because the sentence is substantively reasonable, the court did not abuse its discretion when it imposed 35 years of supervised release.

## CONCLUSION

For the foregoing reasons, we **AFFIRM**.