**NOT RECOMMENDED FOR PUBLICATION**
File Name: 11a0024n.06

**No. 09-5685**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

**Jan 13, 2011**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| DOUGLAS CHASTAIN, | ) | TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |

Before: SILER, CLAY, and GIBBONS, Circuit Judges.

**SILER**, Circuit Judge. Douglas Chastain pleaded guilty to possession of ammunition by a convicted felon and was sentenced to sixty-three months' imprisonment. He now appeals his sentence, in particular, the procedural reasonableness of it. For the following reasons, we **AFFIRM**.

**BACKGROUND**

At Chastain's sentencing, the district court reviewed a presentence report recommending a sentence between 51 and 63 months' imprisonment under the Guidelines, based upon Chastain's offense level of 17 and his criminal history score of VI. After acknowledging that it had to make an individualized assessment applying the sentencing factors of 18 U.S.C. § 3553(a), the district court asked Chastain to suggest an appropriate sentence. Chastain and his counsel argued that Chastain's addiction to alcohol should be a pertinent consideration for the district court in determining Chastain's sentence, but did not suggest a specific term. The district court responded to Chastain's

statements by admonishing him to avoid guns in the future. Considering "the facts and circumstances of the offense, the background and history of the defendant, [and] the factors stated in 18 U.S.C. Section 3553(a)," the district court sentenced Chastain to sixty-three months' imprisonment and 500 hours of substance abuse treatment. Chastain refused to object to this sentence or its explanation when asked by the district court.

Chastain now appeals his sentence because, he argues, the district court failed to make an individual assessment applying the sentencing factors of 18 U.S.C. § 3553(a) and failed to adequately explain its reasoning when sentencing him.

## DISCUSSION

A. Standard of Review

We review a defendant's sentence for both procedural and substantive reasonableness, and determine whether such a sentence was reasonable under an abuse of discretion standard of review. *United States v. Carter*, 510 F.3d 593, 600 (6th Cir. 2007) (citing *Gall v. United States*, 552 U.S. 38, 46 (2007)). Because Chastain raised no objection to the district court's sentence when given an opportunity, we must instead review Chastain's appeal only for plain error. *See United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (*en banc*) (citing *United States v. Bostic*, 371 F.3d 865, 872-73 (6th Cir. 2004)).

B. The Procedural Reasonableness of Chastain's Sentence

Chastain argues that his sentence was procedurally unreasonable because the district court failed to consider the § 3553(a) sentencing factors and failed to adequately explain its chosen

sentence.[1]  At sentencing, a district court must consider the appropriate range suggested by the Guidelines, give the parties an "opportunity to argue for whatever sentence they deem is appropriate," consider the §3553(a) factors in making an "individualized assessment based on the facts presented," and "adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *United States v. Bolds*, 511 F.3d 568, 579-80 (6th Cir. 2007).

In explaining its application of the § 3553(a) sentencing factors, there is no requirement that the district court "engage in a 'ritualistic incantation to establish consideration of a legal issue'" or that the court "make specific findings related to each of the factors considered." *Id.* at 580 (quoting *United States v. McClellan*, 164 F.3d 308, 310 (6th Cir. 1999)).  Although a district court must give "the reasons" for its sentence, it is not required to "give the reasons for rejecting any and all arguments by the parties for alternative sentences," nor to give the "specific reason" for a within-Guidelines sentence. *Vonner*, 516 F.3d at 387.  The ultimate question, then, is "whether 'the record makes clear that the sentencing judge listened to each argument,' 'considered the supporting evidence,' was 'fully aware' of the defendant's circumstances and took 'them into account' in sentencing him." *Id.* (quoting *Rita v. United States*, 551 U.S. 338, 358(2007)).

Our decision in *Vonner* provides an apt comparison.  In *Vonner*, after listening to the defendant's arguments for a downward variance, the district court thanked the defendant for his

---

[1]Because this is Chastain's only argument supporting the reversal of his sentence on appeal, we will not consider the substantive reasonableness of Chastain's within-Guidelines sentence of sixty-three months' imprisonment.

apology and "'encourage[d]' him to continue to cooperate with the government and to dedicate his prison time to learning 'certain life skills and life-styles that will be of benefit to [him] when [his] period of incarceration is over.'" *Vonner*, 516 F.3d at 384. The district court then stated that, "consider[ing] the nature and circumstances of the offense, the history and characteristics of the defendant, and the advisory Guidelines range, as well as the other factors listed in 18 [U.S.C. §] 3553(a)," the defendant's appropriate, within-Guidelines sentence was 117 months' imprisonment. *Id.* And, like Chastain, the defendant in *Vonner* failed to object to his sentence or its articulation when given the opportunity at his sentencing hearing. *Id.* As a result, in *Vonner*, we did not address whether the district court erred in its articulation of the defendant's sentence. Instead, we asked only whether any potential error was "plain." *Id.* at 387.

While the district court's explanation of the defendant's sentence in *Vonner* was not "ideal," we held that it was not plainly erroneous. *Id.* at 386-388. The district court mentioned the directly relevant § 3553(a) factors, i.e., the nature and circumstances of the offense, and the history and characteristics of the defendant. *Id.* at 388. By encouraging the defendant to continue his cooperation with the government and to learn useful skills, the district court demonstrated that it understood the defendant's arguments for mitigation. *Vonner*, 516 F.3d at 388. These arguments by the defendant were "conceptually straightforward," and nothing in the record or the context of the hearing suggested that the court did not listen to, consider and understand every argument that the defendant made. *Id.* (citing *Rita*, 551 U.S. at 358).

By contrast, in *United States v. Wallace*, we found plain error where the district court failed to acknowledge the defendant's argument that her sentence was disparately longer than that of her

co-conspirator's. 597 F.3d 794, 803-04 (6th Cir. 2010). At the sentencing hearing, the government provided "facially legitimate reasons" why this difference in sentences was appropriate. *Id.* at 804. But, even under a plain error standard of review and even after our earlier decision in *Vonner*, we found the district court's procedures in *Wallace* to be worthy of remand. While the district court in *Vonner* was "extremely brief in [its] analysis," it did at least "consider or show an understanding of all of the defendant's arguments for leniency," if only "in a cursory manner." *Id.* The district court in *Wallace*, however, "was silent on the sentencing disparity issue and did not even specifically mention any of the § 3553(a) factors." *Id.*

Although both courts were certainly brief in their sentencing decisions, here the district court's articulation of Chastain's sentence appears closer to that in *Vonner* than in *Wallace*. The district court considered the advisory Guideline range and invited Chastain to suggest his appropriate sentence. It explicitly stated that it considered the § 3553(a) sentencing factors, namely Chastain's history and background and the circumstances of his offense, and provided them as reasons for Chastain's sentence. Finally, the district court addressed Chastain's alcohol abuse by recommending that he receive 500 hours of substance abuse treatment and dismissed its mitigative effect by refusing to decrease Chastain's sentence and admonishing him to avoid future contact with guns.

The district court's explanation of Chastain's sentence was, admittedly, less than ideal. Here, because the district court allowed Chastain to argue for a sentence, implicitly addressed that argument, and explicitly considered the § 3553(a) sentencing factors, any error in determining Chastain's within-Guidelines sentence was neither plain nor obvious.

**AFFIRMED.**

**CLAY, Circuit Judge, dissenting.** In this appeal Defendant challenges the procedural reasonableness of his sixty-three month sentence. The procedural unreasonableness of the way Defendant's sentence was imposed was made manifest by the district court's failure to specifically address the history and characteristics of the Defendant or the circumstances of the offense in applying the § 3553(a) sentencing factors; rather, the district court simply made a few general and conclusory comments that could apply to virtually any defendant charged with the offense for which Defendant was charged. The district court's sentencing thus provides this Court with no basis for conducting meaningful appellate review in this case. Therefore, I would vacate Defendant's sentence, and remand for resentencing.

Prior to evaluating the procedural reasonableness of Defendant's sentence, this Court must "determine what standard of review applies" by "determin[ing] whether [defendant] preserved these claims for appeal." *United States v. Bolds*, 511 F.3d 568, 578 (6th Cir. 2007). As we held in *United States v. Bostic*, 371 F.3d 865 (6th Cir. 2004), "district courts are required, after announcing sentence, to ask the parties whether they have any objections to the sentence that have not previously been raised." *United States v. Herrera-Zuniga*, 571 F.3d 568, 578 (6th Cir. 2009). If the defendant fails to raise an error "[w]here the sentencing judge complies with this procedure, the defendant generally forfeits the right to challenge on appeal any procedural errors to which he did not object at the time of sentencing." *Id.* Unpreserved procedural challenges will be reviewed for plain error only. *Id.* at 581.

In this appeal Defendant contends that his sentence is procedurally unreasonable because "the [district] judge gave no explanation as to why he chose to sentence the defendant to the top of the

advisory range." (Br. of Appellant at 5.) As required by *Bostic*, after sentencing Defendant, the district court asked "does Mr. Chastain have any objection to the sentence the Court just announced that he's not previously raised?" (R. 41 at 8.) As Defendant did not object to his sentence at the sentencing hearing, we review for plain error.

Procedural reasonableness review "begins with a robust review of the factors evaluated and the procedures employed by the district court in reaching its sentencing determination." *Bolds*, 511 F.3d at 578. Specifically,

> [i]n reviewing sentences for procedural reasonableness the Court must ensure that the district court: (1) properly calculated the applicable advisory Guideline range; considered the other § 3553(a) factors as well as the parties' arguments for a sentence outside the Guidelines range; and (3) adequately articulated its reasoning for imposing the particular sentence chosen, including any rejection of the parties' arguments for an outside-Guidelines sentence and any decision to deviate from the advisory Guidelines range.

*Id*. at 581. To establish plain error, "a defendant must show (1) error[,] (2) that was obvious or clear, (3) that affected defendant's substantial rights[,] and (4) that affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc).

In sentencing Defendant, the district court stated, "the guideline range is merely advisory and is not binding on the court" and the court,

> must take into account . . . the sentencing factors listed in 18 U.S.C. § 3553(a), in arriving at an appropriate sentence . . . . [T]he Court having considered the facts and circumstances of the offense, the background and history of the defendant, the factors stated in 18 U.S.C. Section 3553(a), it is the judgment of the Court . . . that the defendant, Douglas Chastain, is . . . to be imprisoned for a term of 63 months.

(R. 41 at 5, 7.)

In evaluating a district court's articulation of the basis for a sentence, one of our tasks "is to ensure that the district court has adequately explained the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *Bolds*, 511 F.3d at 580. A district judge commits reversible procedural error by "fail[ing] to set forth enough of a statement of reasons to satisfy the appellate court that he . . . has a reasoned basis for exercising his own legal decision making authority." *Id*. (internal quotations and citations omitted).

In reviewing the district court's application of the § 3553(a) factors "there is no requirement . . . that the district court engage in a ritualistic incantation to establish consideration of a legal issue" or that it "make specific findings related to each of the factors considered." *Id*. However, in order for a sentence to be procedurally reasonable "the record must contain the district court's rationale for concluding that the sentence imposed is sufficient but not greater than necessary, to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a)." *Id*. The district court must provide an articulation of the reasons [it] reached the sentence ultimately imposed." *United States v. Jackson*, 408 F.3d 301, 305 (6th Cir.2005). We have further explained that "[s]imply listing the § 3553(a) factors and various characteristics of the defendant without referring to the applicable Guidelines range or explaining the decision to stay within or deviate from that range is insufficient." *Bolds*, 511 F.3d at 580 (quoting *United States v. Cousins*, 469 F.3d 572, 577 (6th Cir. 2006)). Instead, to be procedurally reasonable, "[t]he district court must provide a clear explanation of why it has . . . chosen the particular sentence imposed, regardless of whether it is within or outside of the Guidelines." *Bolds*, 511 F.3d at 580.

In this case, the district court did even less than what we found insufficient in *Bolds*, and *Cousins*. The district court merely stated "the Court having considered the facts and circumstances of the offense, the background and history of the defendant, the factors stated in 18 U.S.C. Section 3553(a), it is the judgment of the Court . . . that the defendant, Douglas Chastain, is . . . to be imprisoned for a term of sixty-three months." (R.41 at 7.) The district court neither articulated which § 3553(a) factors it found relevant in sentencing Defendant, nor indicated with any particularity what elements of Defendant's history were relevant to its sentencing determination. With no specific explanation of the district court's sentencing decision, we cannot evaluate whether the district court's imposition of a sixty-three month sentence on Defendant was "sufficient, but not greater than necessary, to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a)." *Bolds*, 511 F.3d at 578.

The majority finds two of the district court's statements sufficient indications that the district court took Defendant's circumstances and history into account to be spared reversal on plain error review. First, addressing the Defendant, the district court stated,

> Mr. Chastain, one of the things that should be impressed upon you by this prosecution is that you cannot be around guns. You have a felony conviction, and that means that you and guns cannot be associated with each other. If there is a gun any place around, you need to make it your business to get out of there as quickly as you can.

(R. 41 at 6.) Second, the district court recommended that Defendant receive 500 hours of substance abuse treatment to address Chastain's alchohol abuse. (*Id*. at 7.) Although the majority finds it noteworthy that the judge admonished Defendant not to have any contact with guns, such an

9

admonishment would be routine in virtually every gun case and, by itself, fails to address the specific characteristics of the Defendant or the circumstances of his offense.

"This Court's opinion in *Vonner* shows that plain error review should be extremely deferential to the sentencing judge." *United States v. Wallace*, 597 F.3d 794, 804 (6th Cir. 2010) However, the *Vonner* "majority acknowledged that the crucial question is 'whether the record makes clear that the sentencing judge . . . was fully aware of the defendant's circumstances and took them into account in sentencing him.'" *Id*. (quoting *Vonner*, 516 F.3d at 387). *Vonner* "emphasize[s] that the record must make clear that the sentencing judge considered the evidence and arguments" in sentencing Defendant. *Id*. at 805 (same).

It is true that in *Vonner* "the district judge was extremely brief in his analysis." *Id*. The district court in *Vonner* thanked the defendant for his apology and "encouraged [defendant] to continue to cooperate with the government and to dedicate his prison time to learning certain life skills and lifestyles that will be of benefit . . . when [defendant's] period of incarceration is over." *Vonner*, 516 F.3d at 384. However, only after specifically addressing defendant's individual cooperation with the government did the *Vonner* district court sentence the defendant, stating that "it had considered the nature and circumstances of the offense, the history and characteristics of the defendant, and the advisory Guidelines range, as well as the other factors listed in 18 U.S.C. § 3553(a)." *Id*. at 386. The district court in *Vonner* thus, "did, albeit in a cursory manner, consider or show an understanding of all of the defendant's arguments for leniency." *Wallace*, 597 F.3d at 804.

In contrast to *Vonner*, however, the district court's statements cited by the majority do not adequately articulate the district court's reasoning "for imposing the particular sentence chosen." *Bolds*, 511 F.3d at 581. We still "have no way of knowing how or to what extent [the § 3553(a) factors and Defendant's history] influenced the district judge's eventual sentence." *Wallace*, 597 F.3d at 803. Thus the district court made an "obvious [and] clear" error, *Vonner*, 516 F.3d at 386, by failing to " adequately explain[] the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *Bolds*, 511 F.3d at 580.

In order to prevail on plain error review, Defendant must also demonstrate that the district court's obvious and clear error "affected [his] substantial rights," and "affected the fairness, integrity, or public reputation of the judicial proceedings." *Vonner*, 516 F.3d at 386.

We have held that "procedural errors that implicate[] a defendant's right to meaningful appellate review . . . generally implicate[] a substantial right. The right at issue is the right to meaningful appellate review. That right is equally substantial for someone who is sentenced to either a guidelines sentence or an above-guidelines sentence." *Wallace*, 597 F.3d at 806-07. The district court's failure to adequately articulate its reasons for sentencing Defendant to sixty-three months imprisonment thus affected Defendant substantial rights, namely his right to meaningful appellate review.

Moreover, a district court's failure to sufficiently articulate the reasons supporting its sentencing decision "also affects the fairness, integrity, or public reputation of judicial proceedings . . . . [as it] is important not only for the defendant, but also for the public to learn why the defendant received a particular sentence." *Id*. at 807. The Supreme Court explained that "[c]onfidence in a

judge's use of reason underlies the public's trust in the judicial institution. A public statement of those reasons helps provide the public with the assurance that creates that trust." *United States v. Rita*, 551 U.S. 338, 356 (2007). Therefore, the district court's error also satisfies the final prong of plain error, that the error "affected the fairness, integrity, or public reputation of the judicial proceedings." *Vonner*, 516 F.3d at 386.

The district judge's failure to articulate the reasons supporting Defendant's sentence prevented this Court's meaningful review of Defendant's sentence. This error affected Defendant's substantial rights, as well as the public perception of the proceeding's fairness. For these reasons, I would vacate Defendant's sentence, and remand for resentencing.

Therefore, I respectfully dissent.