NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0530n.06
Filed: August 28, 2008

No. 07-1983

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| Plaintiff-Appellee, | ) | STATES DISTRICT COURT FOR THE |
| | ) | WESTERN DISTRICT OF MICHIGAN |
| v. | ) | |
| | ) | O P I N I O N |
| DONALD J. RILEY, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

Before: BATCHELDER and GILMAN, Circuit Judges; and ZOUHARY, District Judge*

## INTRODUCTION

**JACK ZOUHARY, District Judge.** Defendant Donald Riley appeals his sentence. He pled guilty to possession of child pornography, in violation of 21 U.S.C. § 2252(a)(4)(B). At the sentencing hearing, Riley moved for a downward departure or variance. The motion was denied. The district court sentenced Riley to 70 months, which is at the bottom end of the applicable advisory Guidelines range.

_____

* The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

The sole issue on appeal is whether the sentence of 70 months was substantively reasonable. Riley claims the district court ignored numerous reasons to sentence below the Guidelines range and improperly relied on out-of-court conversations held with unnamed persons in finding that Riley was a significant risk to re-offend. Because we find the sentence is supported by the record, without reliance on the judge's conversations, we **AFFIRM**.

## BACKGROUND

Riley sent four child pornography videos to an undercover FBI agent, which in turn led to a warrant and search of Riley's home. During this search, agents found a fifth child pornography video on Riley's computer. These five videos formed the basis for the five counts of the indictment. Riley pled guilty to one count and the Government dismissed the others.

Under 18 U.S.C. § 2252(b)(2), Riley faced a maximum sentence of 10 years of imprisonment. Pursuant to the U.S. Sentencing Guidelines, the recommended range was 70 to 86 months. Riley sought a downward departure pursuant to U.S.S.G. § 5K2.0, or a downward variance based on 28 U.S.C. § 3553(a) factors.[1] Riley emphasized his short period of involvement with child pornography, his cessation of any computer or Internet use following the search of his home, and favorable psychological assessments, prepared in connection with the presentence report (PSR), that

---

[1] Riley argued in his Sentencing Memorandum for a "downward departure" under Chapter 5 of the Sentencing Guidelines (JA 34-37), and also under 18 U.S.C. § 3553(a) (JA 37-40). These two approaches are distinct, the latter often called a "variance." *See United States v. Cousins*, 469 F.3d 572, 577 (6th Cir. 2006). However, at the sentencing hearing (JA 104-41), the judge determined that a Guidelines departure was not appropriate "under Section 5K2.0, 4A1.3 or any other section of the guidelines that I can find" (JA 131). The judge then reviewed the Section 3553(a) factors and rejected a downward variance (JA 132-38). The focus of this appeal is whether the Guidelines sentence was reasonable (Brief of Appellant at 12).

found he was not a pedophile. The district judge found neither a departure nor a variance was warranted, concluding: "In order to protect the public from Mr. Riley, and to punish him for his illegal conduct, a custodial sentence at the minimum guideline range is, I think, the thing that should be done and is what the Court does" (JA 138). The district court then sentenced Riley to 70 months of imprisonment and 5 years of supervised release.

## STANDARD OF REVIEW

An appellate court reviews a criminal sentence for both procedural and substantive reasonableness under the abuse-of-discretion standard. *United States v. Jeross*, 521 F.3d 562, 569 (6th Cir. 2008); *United States v. Caver*, 470 F.3d 220, 248 (6th Cir. 2006). Riley presents no challenge to the procedure and therefore the focus is on the sentence itself. A sentence may be substantively unreasonable "when the District Court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent Section 3553(a) factors or gives an unreasonable amount of weight to any pertinent factor." *United States v. Borho*, 485 F.3d 904, 908 (6th Cir. 2007). The ultimate guidepost is whether the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of Section 3553(a). *United States v. Ferguson*, 456 F.3d 660 (6th Cir. 2006). Moreover, a presumption of reasonableness applies to a sentence within the Guidelines range. *Rita v. United States*, 127 S. Ct. 2456, 2462 (2007); *United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (en banc).

**ANALYSIS**

Riley argues there is no factual support in the record for the determination that he presented a significant risk to re-offend. In particular, Riley complains about the following statement made by the district judge (JA 135):

> I've asked several people, because of this case, trying to be fair to him, if these people I trust would trust this kind of a person with their child, and the answer was universally no, which is how I feel.

This statement [2] must be read in context of the entire hearing. In this regard, the district judge also considered these facts: (1) the psychological assessments noted that Riley had broad and deviant sexual interests and failed to understand his propensity for the behavior that gave rise to this case; (2) Riley's employment as a cross-country truck driver would make supervision difficult; and (3) Riley admittedly lied to the presentence investigator when he claimed he was collecting the child pornography videos with the intention of reporting the activity to police.

These three facts were discussed "in terms of whether [Riley] is a danger to the public" (JA 117), and defense counsel, when asked if Riley's sexual appetite suggested "he may be a danger to the public," responded: "It would be disingenuous to say anything other than yes . . . ." (JA 118).

---

[2] Although Riley did not specifically object at the sentencing hearing to the district court's reliance on this hearsay information from the unnamed "several people," Federal Criminal Procedure Rule 32(i)(1)(B) requires a sentencing judge to "give to the defendant and an attorney for the government a written summary of–or summarize in camera–any information excluded from the presentence report under Rule 32(d)(3) on which the court will rely in sentencing, and give them a reasonable opportunity to comment on that information." This Rule applies "even when confidential information is given directly to the district court." *See United States v. Hamad*, 495 F.3d 241, 245 (6th Cir. 2007). This Court believes any error, however, was harmless because all other information at the sentencing was both known to counsel and sufficient to support the sentence.

When defense counsel proposed treatment and monitoring as a way to protect the public, the district judge noted the difficulty in supervising "a man who is on the road six days a week" and, again, defense counsel agreed Riley "needs to be monitored more closely" and "should no longer be a truck driver" (JA 121). Finally, Riley himself acknowledged he lied to a probation officer with what a therapist, in a detailed report, described as a "preposterous" story, making successful treatment for his compulsive behavior appear unlikely (JA 126-30).

The district judge, in turn, reviewed each argument raised by Riley for a downward departure/variance, including: the small number of pornographic files; Riley's limited period of involvement; his good work history; and his abandonment of computers following the search and seizure. The district judge acknowledged these factors were "suggestive of leniency," but "[u]pon review of the totality of these circumstances, the Court finds that no guideline departure . . . is appropriate" (JA 132).

The district judge then specifically reviewed competing considerations under the § 3553(a) factors, noting, for example, Riley's "long history of avoiding criminal behavior and working honestly," contrasted with this specific offense where "[h]e possessed over 375 graphic images involving child pornography" and the "trading of these types of images in commerce which leads to . . . sexual exploitation" (JA 133). Balancing several competing considerations, the district judge acknowledged the difficulty in assessing "the future behavior of defendant" (JA 134), found his behavior unacceptable and of grave concern, and determined a sentence within the Guidelines range was appropriate and "fair."

When viewed in the context of the entire sentencing hearing, the district judge's passing comment about his conversations with others and whether they would trust their children with Riley, while inappropriate, was not integral to the sentence. The need for sufficient prison time to protect the public and punish this illegal conduct is well supported by the rest of the record. In short, an "individualized assessment" was properly made. *See Gall v. United States*, 128 S. Ct. 586, 597 (2007).

## CONCLUSION

The district court did not abuse its discretion. We therefore cannot say the district court's reasoning and ultimate sentence were unreasonable. For the foregoing reasons, we **AFFIRM**.