**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0050n.06

No. 12-5321

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

*Jan 09, 2013*

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF TENNESSEE |
| MICHAEL TODD SIMS, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE: BATCHELDER, Chief Judge; MERRITT and KETHLEDGE, Circuit Judges.

PER CURIAM. Michael Todd Sims, a veteran of the Iraq War, appeals the 120-month sentence for his methamphetamine conspiracy offense, asserting that the mandatory minimum sentence is unconstitutional as applied to combat veterans. We affirm Sims's sentence.

Pursuant to a written plea agreement, Sims pleaded guilty to conspiracy to manufacture and distribute 50 grams or more of actual methamphetamine or 500 grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 846. Based on a total offense level of 29 and a criminal history category of III, Sims's presentence report calculated a guidelines range of 108 to 135 months of imprisonment. Sims, however, faced a mandatory minimum sentence of ten years pursuant to 21 U.S.C. § 841(b)(1)(A), resulting in an effective guidelines range of 120 to 135 months of imprisonment. Sims did not dispute the guidelines calculation but moved for a variance, asserting that the Supreme Court in *Porter v.*

*McCollum*, 558 U.S. --, 130 S. Ct. 447 (2009), established a new rule of federal common law requiring leniency for combat veterans and that application of the mandatory minimum sentence is unconstitutional as applied to combat veterans like himself by depriving them of the required leniency. The district court, while acknowledging that "we all owe you and everyone else who has worn that uniform a great debt of gratitude that cannot be repaid," concluded that it was bound by the mandatory minimum and sentenced Sims to 120 months of imprisonment.

On appeal, Sims contends that the mandatory minimum sentence is unconstitutional as applied to combat veterans. Sims's constitutional challenge to his sentence is a question of law that we review de novo. *See United States v. Kelsor*, 665 F.3d 684, 701 (6th Cir. 2011).

Contrary to Sims's argument, the Supreme Court in *Porter* did not establish a new rule of federal common law. In *Porter*, a death penalty case, the Supreme Court held that "it was objectively unreasonable to conclude there was no reasonable probability the sentence would have been different if the sentencing judge and jury had heard the significant mitigation evidence that Porter's counsel neither uncovered nor presented," including "(1) Porter's heroic military service in two of the most critical—and horrific—battles of the Korean War, (2) his struggles to regain normality upon his return from war, (3) his childhood history of physical abuse, and (4) his brain abnormality, difficulty reading and writing, and limited schooling." 558 U.S. at --, --,130 S. Ct. at 448, 454. In reaching this conclusion, the Supreme Court held that the Florida courts unreasonably discounted Porter's military service, stating: "Our Nation has a long tradition of according leniency to veterans in recognition of their service, especially for those who fought on the front lines as Porter did." *Id*. at --, 130 S. Ct. at 455. This observation did not amount to one of the "few and restricted"

instances where the Supreme Court has created federal common law, *Wheeldin v. Wheeler*, 373 U.S. 647, 651 (1963); rather, the Supreme Court merely acknowledged that a defendant's military service has historically been viewed as a mitigating factor at sentencing, *see* USSG App. C, Vol. III, at 350-51 (Nov. 1, 2011) (reading *Porter* as recognizing that military service is "a traditional mitigating factor at sentencing"). In recognizing that veterans have traditionally been afforded leniency, the Supreme Court did not *require* leniency, much less as a matter of federal common law.

Even if *Porter* could be read as announcing a new rule of federal common law regarding leniency for combat veterans, the district court would still have been required to impose the mandatory minimum sentence set by Congress in 21 U.S.C. § 841(b)(1)(A). "[C]ongressional legislation excludes the declaration of federal common law" where "the statute speaks directly to the question at issue." *Am. Elec. Power Co. v. Connecticut*, 131 S. Ct. 2527, 2537 (2011) (internal quotation marks and brackets omitted); *see also Mertens v. Hewitt Assocs.*, 508 U.S. 248, 259 (1993) (stating that the authority to develop federal common law does not include "the authority to revise the text of the statute"). Here, Congress has spoken directly to the issue by acting within its authority to establish mandatory minimum sentences for certain drug offenses. *See United States v. Odeneal*, 517 F.3d 406, 414 (6th Cir. 2008). The district court could not disregard the minimum sentence statutorily mandated by Congress for Sims's drug offense. *See United States v. Cecil*, 615 F.3d 678, 695-96 (6th Cir. 2010).

Accordingly, we affirm Sims's 120-month sentence.