**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 15a0104n.06

Case No. 14-3084

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED

Feb 03, 2015

DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA,     )
          )
     Plaintiff-Appellee,     )
          )     ON APPEAL FROM THE UNITED
v.     )     STATES DISTRICT COURT FOR
          )     THE NORTHERN DISTRICT OF
ROBERT LEAL,     )     OHIO
          )
     Defendant-Appellant.     )
          )
          )

BEFORE: CLAY, GILMAN, and SUTTON, Circuit Judges.

SUTTON, Circuit Judge. Robert Leal pleaded guilty to being a felon in possession of a firearm and received a 100-month sentence. That sentence, he asserts on appeal, is both procedurally and substantively unreasonable. Because it was neither, we affirm.

Start with procedural unreasonableness. Leal contends that the district court erred by improperly enhancing his sentence for "[using] or possess[ing] any firearm or ammunition in connection" with the sale and distribution of illegal drugs. U.S.S.G. § 2K2.1(b)(6)(B). Not so. The guideline applies when a defendant possesses a firearm "in close proximity to drugs" intended for sale. *United States v. Seymour*, 739 F.3d 923, 929 (6th Cir. 2014). That is this case. When police searched Leal's house, they found a shotgun "between the mattress and the box

spring in [Leal's] bedroom," and heroin "papered out for distribution in that same bed along the bed rails." R. 34 at 9. That means the enhancement applies.

Now for substantive unreasonableness. On appeal, we presume that Leal's sentence was substantively reasonable since it falls within his properly calculated guidelines range. *See United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (en banc). Leal has not rebutted the presumption. To start, we cannot say on this record that the district court clearly erred in determining that Leal's heroin was for more than personal use. Police, after all, found individually packaged quantities of the drug in Leal's home, plus a digital scale, multiple cellphones, and drug-packaging materials. Leal also claims that his guidelines range should not have gone up due to what he considers to be two minor prior convictions. Still, he has four other prior felonies. Finally, we agree that his age, military service, work history, and educational background may counsel in favor of a downward variance. But they certainly do not compel one. *See* U.S.S.G. § 5H1.1 ("Age *may* be a reason to depart downward . . . ." (emphasis added)); *United States v. Sims*, 511 F. App'x 429, 431 (6th Cir. 2013) ("In recognizing that veterans have traditionally been afforded leniency, the Supreme Court did not *require* leniency" in *Porter v. McCollum*, 558 U.S. 30 (2009)); *United States v. Riley*, 290 F. App'x 910, 912 (6th Cir. 2008) (affirming a district court's decision not to vary downward despite recognizing that the defendant's "good work history" was "suggestive of leniency"); *United States v. Husein*, 478 F.3d 318, 330 (6th Cir. 2007) (noting that district courts "have the *discretion* to weigh . . . education" as a mitigating factor at sentencing (emphasis added and quotation omitted)). All in all, the district court acted well within the bounds of reason when it sentenced Leal at the low end of the guidelines range to 100 months of imprisonment.

For these reasons, we affirm.